Rush v. Fletcher.

[No. 947.    August 28, 1902.]

·JOHN W. RUSH, et al., Appellees, v. THOMAS J. FLETCHER, Appellant.

### SYLLABUS.

A finding of fact by a trial court, like that of a jury will not be disturbed, unless it is clearly against the weight of the evidence ·or not supported by sufficient evidence.

Appeal from the district court of Eddy county, before DANIEL H. MCMILLAN, Associate Justice.    Affirmed.

G. A. RICHARDSON for appellant.

The boundary line between Texas and New Mexico was definitely established by a joint commission in 1859, and was retraced by a United States surveyor in 1883.

The court will conclusively presume that this line as established, and the retracement thereof are correct, and is powerless to correct even manifest errors therein if there were any.

>    Revised Statutes of the United States, sec. 2395; Stoneroad v. Stoneroad, U. S. Sup. Ct. 1895.

It is a well-settled rule of law that the power to make and correct surveys of the public lands, belongs exclusively to the political department of the government, and that the action of that department, within the scope of its authority is unassailable in the courts, ·except by direct proceeding.

A natural monument being more permanent in its character and location than an artificial monument, is to be preferred to the latter, in case of a conflict between them.

>    Brown v. Huger, 21 How. 305; McIver v. Walker, 4 Wheat. 444; Newsome v. Pryor, 7 Wheat. 7.

It is a familiar principle of law that in construing surveys, courses and distances must yield to monuments actually found on the ground; but this principle is limited in its application.

> Yoakum v. Haskins, 46 N. W. (Iowa) 1065; Hauson v. The Town of Red Rock, 57 N. W. 11.

It is true that known and fixed monuments will control, though they conflict with courses and distances; yet where there are two fixed artificial monuments which are conflicting, both cannot control. One is of no higher value as a monument than the other. In such case of ambiguity, the one should be taken which corresponds with the description by courses and distances, and the other being manifestly erroneous can be rejected as surplusage.

> Whitehead v. Reagan, 106 Mo. 235; Hubbard v. Dusy, 80 Cal. 281; Lincoln v. Wilder, 29 Me. 169.

According to the rulings of the Department of the Interior a squatter has ninety days from the date of his settlement in which to file his entry. If he fails to file within that time he loses his right as against the intervening entry of another claimant.

> Burrus v. Cantrell, 15 L. D. 397; Coon v. Freel's Heirs, 16 L. D. 202; Rumbley v. Cansey, Id. 266; Huntsbarger v. Eickman, Id. 270.

FREEMAN & CAMERON for appellees.

This court will not disturb the findings of fact made by the court below where there is evidence to support them.

> Torlina v. Trorlicht and Holenstrator, 5. N. M. 148.

If an examination of the record discloses the fact that there is any evidence to support the findings of fact, filed by the court, and the judgment entered is

based upon and supported by such findings, the judg-ment will not be disturbed.

> Torlina v. Trorlicht & Holenstrator, supra,
> s. c., 6 N. M. 54.

Artificial monuments in the United States surveys are primary and controlling in determining the location of land surveyed by the government.

> Tiedeman on Real Property, sec. 832.

Corners established by the United States survey-ors of public lands under the authority of the United States are conclusive as to the boundaries of sections and subdivisions thereof; and no error in placing them can be corrected by any survey made by individuals or a state surveyor.

> Climer v. Wallace, 28 Mo. 556, 75 Am. Dec.
> 135; Squire v. Greer, 26 Pa. 222; Gordon v.
> Booker, 32 Pa. 593; Reyburn v. Booker, 32 Pa.
> 594.

"If the stakes and monuments placed by the gov-ernment in making their survey to indicate the section corners and quarter section posts can be found, or the places where they were originally placed can be identi-fied, they are to control in all cases  .  .  .  whether properly placed or not."

> Bradford v. Johnson, 97 N. W. (N. D.) 601.

OPINION OF THE COURT.

BAKER, J.—This is a controversy over the right to the possession of and title to two tracts of land, situate in Eddy county, Territory of New Mexico, tried by the court without the intervention of a jury.

Appellant asks a reversal solely upon the grounds of alleged erroneous findings of fact by the trial court and the omission to find certain facts from the evidence.

In the finding of each fact the trial court was con-fronted with conflicting testimony. Each finding of fact is warranted by the evidence. It is an universal rule

that a finding of fact by a trial court, like the verdict of a jury, will not be disturbed unless it is clearly against the weight of evidence or not supported by sufficient evidence. Gale v. Salas, 66 Pac. 520; Waldo v. Beckwith, 1 N. M. 97; Badeau v. Baca, 2 N. M. 194; Territory v. Webb, Id. 147; Territory v. Maxwell, Id. 250; Territory v. Hicks, 6 N. M. 596; Territory v. Trujillo, 7 N. M. 43; Torlina v. Torlicht, 5 N. M. 148; Zanz v. Stover, 2 N. M. 29. For the reasons given the findings of fact by the trial court in this case will not be disturbed.

The discussion of the evidence in this opinion, upon which the several facts were found by the trial court, could not serve as a precedent nor in any way serve the litigants in this case, nor could it be of aid to the profession. This case depends almost entirely upon the evidence of surveyors, Numyer and Reed, each being corroborated on various points by other witnesses. We are not only of the opinion that the trial court's several findings of fact were supported by sufficient evidence, but we are also of the opinion that they were established by a preponderance of the evidence. It was not necessary for a just conclusion of the controversy that the court should have found "where the monuments were located east of the lands in controversy designating the line between the State of Texas and the Territory of New Mexico," nor "the correct location of the Texas line as shown by the natural and artificial monuments in the neighborhood of the tracts of land in controversy."

There being no error, the judgment of the lower court is affirmed.

Mills, C. J., McFie and Parker, JJ., concur.

McMillan J., having tried the case below, did not participate in this decision.