469 P.2d 511

**KENNECOTT COPPER CORPORATION,
CHINO MINES DIVISION,**
Petitioner-Appellee,

v.

**EMPLOYMENT SECURITY COMMISSION**
of New Mexico, Respondent-Appellant,

**All Claimants Listed in Commission Exhibit
I in re Claims for Benefits of Employees
of Kennecott Copper Corporation, for Un-
employment During a Stoppage of Work
Commencing on or About July 14, 1967,
Respondents-Claimants-Appellants.**

**No. 8958.**

Supreme Court of New Mexico.

May 18, 1970.

J. Richard Baumgartner, Albuquerque, for respondent-appellant.

Foy & Keith, Silver City, for respondents-claimants-appellants.

Shantz & Dickson, Silver City, for petitioner-appellee.

OPINION

WATSON, Justice.

On July 14, 1967, Local No. 1563 of the International Association of Machinists and Aero Space Workers, AFL–CIO, struck the workings of the employer, Kennecott Copper Corporation, Chino Mines Division, at Hurley and Santa Rita, Grant County, New Mexico. Members of this Union established picket lines and posted signs advising of the strike. The next day, Local No. 890 of the United Steel Workers of America and Local No. 62 of the Office and Professional Employees

International Union set up picket lines at the entrance to the Kennecott plant at Hurley, New Mexico, and at the entrance to the mine at Santa Rita, New Mexico. Thereafter, all other employees (with possibly one exception, which is noted below), whether members of the striking unions or not, refused to cross the picket lines, and the Company closed down the operation of its Chino Mines Division.

Seventy-nine employees made claims for unemployment compensation. All are either non-union members or members of four non-striking unions. The testimony of 46 claimants was first taken before the Commission's deputy, and the matter was later heard by the Employment Security Commission as a whole which made findings of fact and conclusions of law and decided in favor of the claimants, one commissioner dissenting. From this ruling the employer sought a writ of certiorari, which was granted, and upon review by the district court under the provisions of § 59–9–6(i), N.M.S.A., 1953 Comp., and Rule 81(c), § 21–1–1(81) (c), N.M.S.A., 1953 Comp., the decision of the Commission was reversed and the claims denied. The claimants and the Commission appeal to this court from the district court's judgment.

The pertinent statute here involved is § 59–9–5(d), N.M.S.A., 1953 Comp., which provides as follows:

"An individual shall be disqualified for benefits—
" * *

"(d) For any week with respect to which the commission finds that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed; Provided, that this subsection shall not apply if it is shown to the satisfaction of the commission that—

"(1) He is not participating in or directly interested in the labor dispute which caused the stoppage of work; and

"(2) He does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or directly interested in the dispute;
* * *."

In Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855 (1963), this court held:

"While we think the decisions generally agree that one who voluntarily refuses to cross a picket line to go to his *work which is available to him* participates in the labor dispute, it is equally well recognized that *one who has reason to fear violence or bodily harm* is not required to pass a picket line, nor it is [is it] necessary that a claimant, to be eligible for unemployment benefits, actually experience violence or bodily harm in an attempt to cross a picket line. A reasonable fear of harm or violence is sufficient. Shell Oil Co. v. Cummins, 7 Ill.2d 329, 131 N.E.2d 64 [Other citations omitted]. Additionally, such fear may arise from the *potential for violence*, as well as from the violence itself. Shell Oil Co. v. Cummins, supra." (Emphasis added.) 74 N.M. at 11, 12, 389 P.2d at 861.

The initial issue with which we are faced is whether there was work available for the claimants at the Kennecott facilities. Clearly if no work is available across the picket lines, a non-striking employee would not be required to cross the lines in order to qualify for benefits. That would be to require a meaningless act. On the other hand, if work is available, the non-striking worker is only excused from crossing the lines if he refrains from doing so in the face of a reasonable fear of violence or bodily harm.

The appellants question the trial court's finding that work was available. They admit that the Company announced by letter, radio, and newspaper advertisements that work was available and do not

contest that part of the finding that "all of the claimants were aware of the fact that such work was available." This, they say, is not proof that work was available. The Commission made no finding on this point, nor did the appellants submit a requested finding to the court. We must, therefore, refuse to review it. Rule 52(B) (a) (6), § 21–1–1(52) (B) (a) (6), N.M.S.A. 1953 Comp.; Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967); Nosker v. Western Farm Bureau Mutual Ins. Co. (decided March 23, 1970), 81 N.M. 300, 466 P.2d 866. We are bound, therefore, by the finding of the court that work was available; any failure of claimants to cross the line must be justified on the basis of reasonable fear of harm or violence.

Appellants-claimants do not claim that any of them attempted to cross the picket line but say this was because of fear of violence or potential violence or bodily harm within the meaning of the Wilson case. On this issue the Commission found:

"3. The non-striking employees established by the testimony of a number of them that they knew of or had earlier experience with harm or violence resulting from attempting to cross picket lines, either in Grant County or elsewhere, and they were afraid of injury or reprisal if they tried to enter the company's properties or report for work."

The trial court, on the other hand, from the same evidence, found as follows:

"12. That the testimony of the appearing claimants gave no basis for a *reasonable* fear of crossing the peaceful picket line. The matters testified to as the basis for fear were all subjective, and too remote as to time and place to justify a finding that any of them had good reason to fear violence or bodily harm in crossing the picket line." (Emphasis added.)

"13. By their failure to cross a peaceful picket line to take suitable and available work with their employer the claim-

ants voluntarily left work without good cause and thereby participated in the labor dispute."

Our review of the testimony of the witnesses who said they were afraid to cross the picket line leads us to conclude that both the finding of the Commission and the findings of the court above set forth are supported by substantial evidence. The question, however, is not whether the evidence supports the Commission's finding, but rather whether the Commission's finding will support its judgment. Appellants cite no authority holding that fear of injury or reprisal, reasonable or unreasonable, is sufficient. Wilson v. Employment Security Commission, supra, does not so hold, but requires a showing of "reason to fear violence or bodily harm" or "a reasonable fear of harm or violence." It contemplates a fear arising from "the potential for violence," as well as from "violence itself." Although a few of the witnesses had heard of rumors of a threatening act, or acts, two witnesses testified that one man did cross the line and was working. There was no evidence of violence, threats, mass picketing, or disciplinary court action involved in this strike nor any history of violent strikes in recent years in Grant County as was present in the Wilson case. The Commission did not find that the fear expressed by the employees was reasonable nor that there were any reasons for these men to fear harm or violence. To avoid the conclusion that the refusal to cross the picket line was voluntary, such a finding was necessary. Wilson v. Employment Security Commission, supra, and authorities therein cited. See Annot. on this subject, 28 A.L.R.2d 287, particularly § 20 "Refusal to cross picket lines," at page 333. Compare Steamship Trade Ass'n of Baltimore v. Davis, 190 Md. 215, 57 A.2d 818 (1948).

In McGann v. Unemployment Compensation Board of Review, 163 Pa.Super. 379, 62 A.2d 87 (1948), the court said:

"The mere statement by a claimant that he refused to cross a picket line

because of fear of bodily harm is not enough to demonstrate that his unemployment was involuntary in a situation where there was not a single overt act of violence of any character, leading a reasonable person to believe that he would be in physical danger in the event he attempted to cross the picket lines. A non-striker's fear of injury must be real and substantial and not nebulous." 62 A.2d at 90.

See, also, Achenbach v. Review Board of Indiana Emp. Sec. Div., 242 Ind. 655, 179 N.E.2d 873 (1962).

■ The district court reviewed the evidence and the Commission's findings and concluded that such findings did not support the ultimate conclusions of the Commission. We have already noted that there was apparently substantial evidence to support Commission finding 3, but that this finding was insufficient to support the conclusions since it did not (nor did any other Commission finding) find the requisite *reasonableness* connected with the fears of the employees. To find that some of the claimants expressed fear of violence or bodily harm, but to ignore the all-important requirement that such fears were reasonable, is to make a meaningless finding. Such a finding is incomplete for the purposes of supporting a legal conclusion and thus was properly ignored by the district court in making its own findings and conclusions, including findings 12 and 13. We hold that these two findings have substantial support in the evidence and do support the court's conclusion and judgment. See International M. & C. Corp. v. Employment Sec. Comm'n, 78 N.M. 272, 430 P.2d 769 (1967).

■ Appellants complain that the district court did not comply with § 59–9–6(h) and (i), supra, and Rule 81(c) (4), supra, of the Rules of Civil Procedure, as required by Wilson v. Employment Security Commission, supra, because the trial judge said that he was not limited to holding that there was not substantial evidence for the Commission's finding before making his own findings. To the extent that the district court can make its own findings where the findings of the Commission are absent or inappropriate, we agree with the trial judge; such is within the contemplation of Rule 81(c) (4), supra. To support the Commission's conclusion, a finding of reasonable fear of harm or violence was necessary. No such finding was made by the Commission. Whether the court found that other findings made by the Commission were or were not supported by substantial evidence is immaterial to the question presented to us.

■ We need not review the evidence to ascertain its sufficiency for other findings of either the Commission or the court. The claimants had the burden of showing that they did not participate in the labor dispute which caused the work stoppage. See § 59–9–5(d) (1), supra. Where work was available to claimants, their failure to establish that they did not voluntarily refuse to cross the picket line because of a reasonable fear of harm or violence disqualified them from receiving unemployment compensation benefits.

The judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and SISK, J., concur.