621 P.2d 500

**Lorene B. LUCAS, Petitioner–Appellee and Cross–Appellant,**

v.

**Joseph R. LUCAS, Defendant–Appellant and Cross–Appellee.**

**No. 12480.**

Supreme Court of New Mexico.

Nov. 21, 1980.

Rehearing Denied Jan. 8, 1981.

Atwood, Malone, Mann & Cooter, Randal W. Roberts, Roswell, for defendant–appellant and cross–appellee.

Alvin F. Jones, Roswell, for petitioner–appellee and cross–appellant.

## OPINION

SOSA, Chief Justice.

The issues raised by this appeal are:

I.  Whether the trial court erred in finding that payments forthcoming under a covenant not to compete were community property.

II.  Whether the trial court erred in awarding $350 per month to appellee as alimony.

III.  Whether the trial court erred in assessing the value of the community house to be $36,000.

IV.  Whether the trial court erred in refusing to award appellee attorney fees.

V.  Whether the trial court erred in failing to specify adultery as the grounds for divorce.

We affirm the trial court's decision with respect to Points II, III and V.  On Points I and IV we reverse and remand.

On November 14, 1978 appellee–wife filed suit for divorce in the District Court of Chaves County.  In her petition she requested: that the marriage be dissolved; that the community property and debts of the parties be divided equitably; and that she be awarded alimony.  Part of the community assets were the parties' holding of 2800 shares of stock in Ballard Funeral Homes, Inc. (Ballard), a business operated by appellant who is a licensed mortician.  Service Corporation International (SCI) entered into negotiations with appellant and other shareholders for the purchase of all outstanding stock in appellant's business.  The price agreed upon was found by the trial court to be fair and reasonable.  As part of the stock sale, appellant contractually covenanted with SCI to abstain from practicing his profession within Chaves County for the next ten years after closing of the stock sale.  Appellant was to receive $10,000 per year as consideration.  The trial court determined that the proceeds of the covenant not to compete were community property.

## I.

■  Whether or not the proceeds under a covenant not to compete negotiated as part of the sale of a business are community property within the community property laws of New Mexico is a question of first impression in this jurisdiction.

Appellee successfully argued at the trial level that the payments to be received under the covenant constituted additional compensation for the sale of stock and, as such, was community property within the meaning of Section 40–3–8(B), N.M.S.A. 1978.  The trial court reached its decision by finding that the terms of the covenant were too extreme and invalidated the covenant thereby adding $100,000 to the sale price of the stock.  Neither view is correct in light of the record.

Although the covenant was contemporaneously negotiated with the sale of the stock, a review of the record fails to indicate that the $100,000 due under the covenant was to be considered as part of the stock's purchase price.  To the contrary, the record is replete with evidence that the price paid for the stock was both fair and reasonable.  The price paid exceeded the total assets of the corporation after allowing for depreciation.  Other evidence indicated that covenants not to compete are common in the mortuary business and there is nothing in the record which suggests that the terms of appellant's covenant were so extreme as to make it invalid.

■  Property in New Mexico takes its status as community or separate property at the time and by the manner of its acquisition.  *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976); *Shanafelt v. Holloman,* 61 N.M. 147, 296 P.2d 752 (1956).  The sale of the stock and the execution of the covenant were not consummated until after the divorce decree had been entered.  The stock was a community asset as were the proceeds of the stock sale.  Appellant's covenant was not a community asset as the forthcoming payments were not included in the valuation of the stock and were to be received after divorce.  The community had ceased to exist and therefore had no inter-

est in the covenant. Upon the lawful dissolution of marriage, the right to compete becomes a personal right and, therefore, the separate property of the owner, who may then relinquish or exercise that right to his or her own benefit.

The circumstances attending the sale of Ballard leads this Court to believe that this case must be distinguished from our recent opinion in *Hurley v. Hurley*, 19 N.M.St.B. Bull. 573, 94 N.M. 641, 615 P.2d 256 (1980). In *Hurley*, we stated that good will can and does exist in a professional practice even though founded upon the personal skill and reputation of an individual and that this good will should be accounted for in the valuation of the practice as a business at the dissolution of the community. While it might be argued that what appellant actually sold under the covenant not to compete was the good will attributable to him in the business, we do not agree.

Each shareholder in the corporation was given the opportunity to independently assess the value of his holding. The price quoted by SCI was conditioned on all stock being sold. All shareholders must have been satisfied that the price adequately compensated them for their investment in Ballard assets and good will. The amount received by the shareholders which exceeded the actual value of the assets can only be attributed to the business good will.

Under these particular facts we cannot see how we can equate the covenant not to compete with good will.

## II.

The award of alimony rests within the sound discretion of the trial court in making a determination as to what is just and proper under the circumstances. *Burnside v. Burnside*, 85 N.M. 517, 514 P.2d 36 (1973); *Michelson v. Michelson, supra.* Evidence was presented to the trial court as to the financial standing of the parties and we are not disposed to alter the trial court's finding on this issue.

## III.

The valuation of the community home is supported by substantial evidence. This Court is bound by the rule that a trial court's findings will not be questioned by the reviewing court if they are supported by substantial evidence, and any disputed fact is to be resolved in favor of the successful parties and the evidence viewed in an aspect most favorable to the successful parties. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970). Substantial evidence has been stated to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 799, 474 P.2d at 482, quoting from *Tapia-Panhandle Steel Erectors Co.*, 78 N.M. 86, 89, 428 P.2d 625, 628 (1967). Appellee offered evidence concerning the value of the community home through her witness, Miller, a real estate broker. Miller testified to his knowledge of the selling price of homes in the area and gave his opinion as to the selling price of the Lucas home. This evidence was rebutted only with the testimony of appellant as to the price he was willing to offer. The trial court's decision is supported by substantial evidence.

## IV.

The award of attorney fees in a divorce action is soundly within the discretion of the trial court, and the reviewing court will not interfere in the absence of a showing of abuse thereof. *Seymour v. Seymour*, 89 N.M. 752, 557 P.2d 1101 (1976). The trial court found that appellee required no funds relative to the expenses incurred in pursuing her cause and that she was not denied the efficient preparation and presentation of her case. This was due, no doubt, to the substantial amount of community property divided by the parties. As our decision in Point I of this opinion directly affects the disposition of the parties' property, this issue is remanded to the trial court for a determination as to whether attorney fees should or should not be awarded.

## V.

There is little to comment about concerning the alleged failure of the trial court

in decreeing that adultery was the legal ground for divorce. Paragraph II of the final decree states "that the parties had separated . . . and there is no reasonable expectation of a reconciliation by the parties." Section 40–4–2, N.M.S.A.1978 uses similar language to define incompatibility, a recognized ground for divorce in New Mexico. We find no compelling reason to substitute one legal ground for another when both are equally applicable in this case.

The judgment of the trial court is hereby reversed in part and remanded to the trial court for further proceedings consistent with this opinion.

PAYNE and FEDERICI, JJ., concur.