651 P.2d 1261
**Florencio BACA, et al.,
Petitioners-Appellees,**

v.

**EMPLOYMENT SERVICES DIVISION OF the HUMAN SERVICES DEPARTMENT OF NEW MEXICO, and Gas Company of New Mexico, Respondents-Appellants.**

**No. 14068.**

Supreme Court of New Mexico.

Sept. 2, 1982.

Rehearing Denied Oct. 4, 1982.

J. Richard Baumgartner, John Nivala, George Cherpelis, Albuquerque, for respondents-appellants.

Freedman, Boyd & Daniels, David A. Freedman, Albuquerque, for petitioners-appellees.

## OPINION

PAYNE, Justice.

The district court reversed the decision of the Employment Security Division (E.S.D.) to deny appellees' claims for unemployment benefits. E.S.D. and the Gas Company of New Mexico (Gas Co.), the employer, appeal. We reverse the judgment of the district court and reinstate the decision of E.S.D.

On March 28, 1978, members of the International Association of Machinists, Local 183, struck the Albuquerque service center of Gas Co. and established a picket line. The claimants-appellees, Baca and other members of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 412, refused to cross the picket line although they were not involved in a labor dispute with Gas Co. Following an outbreak of violence, during

which shots were fired toward the service center building in the early morning of May 1, Gas Co. obtained a temporary restraining order removing the picket line. The claimants reported to work during the period of time in which there was no picketing. On May 19, limited picketing resumed pursuant to a preliminary injunction prohibiting any violence or threats of violence in the vicinity of, or any damage to, the Gas Co. service center or the residences of Gas Co. employees. The claimants again refused to cross the picket line, and did not report to work until the strike was settled and the picket line permanently removed.

The claimants applied to E.S.D. for unemployment benefits. After several hearings and reviews, E.S.D. denied them benefits pursuant to Section 59–9–4(A)(3), N.M. S.A. 1953 (Interim Supp. 1976–77), because they could have continued to work by crossing the picket line and therefore had not reported to available work. The claimants appealed to the district court, which found that they had a reasonable fear of violence if they crossed the picket line. The district court thus based its judgment on the standards set out in *Kennecott Copper Corp., etc. v. Employment Sec. Com'n,* 81 N.M. 532, 469 P.2d 511 (1970).

■ Under *Abernathy v. Employment Sec. Com'n,* 93 N.M. 71, 73, 596 P.2d 514, 516 (1979), we "must address two questions: (1) [w]hether the district court was correct in finding the Commission decision to be unsupported by substantial evidence; and (2) assuming the district court was correct, whether the district court's independent findings are supported by substantial evidence." In determining whether there is substantial evidence to support a finding, the reviewing court must apply these basic rules:

(1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal all disputed facts are resolved in favor of the successful party, with all reasonable inferences

indulged in support of a verdict, and all evidence and inferences to the contrary disregarded[;] and (3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence. (Citations omitted)

*Toltec Intern., Inc. v. Village of Ruidoso,* 95 N.M. 82, 84, 619 P.2d 186, 188 (1980). These rules are applicable to the review decisions of administrative tribunals. *United Veterans Org. v. New Mexico Prop. App. Dept.,* 84 N.M. 114, 500 P.2d 199 (1972).

■ After examining the record before us and applying those rules, we find that there is substantial evidence to support the decision of E.S.D. E.S.D. could reasonably infer from the evidence that the claimants' real motivation for not crossing the picket line was union solidarity. Forty-one members of the striking union did not feel threatened by violence and crossed the picket line to work. The acts of violence perpetrated by a few of the picketers primarily occurred in the early morning hours, when only two dispatchers and two security guards were working. When limited picketing resumed on May 18, pursuant to the preliminary injunction, the claimants refused to cross the picket line. There had been no violence since the May 3rd issuance of the temporary restraining order. The injunction prohibited any further violence. Although there is much evidence tending to show that the claimants were reasonably afraid of violence, we cannot say that the E.S.D. decision was against the clear weight of the evidence. *See Rush v. Fletcher,* 11 N.M. 555, 70 P. 559 (1902). Therefore, the district court incorrectly found the decision to be unsupported by substantial evidence.

Although E.S.D. and Gas Co. have not challenged the applicability of *Kennecott Copper, supra,* the claimants in essence assert that if the district court judgment is reversed, the E.S.D. decision should not be reinstated because it is incorrect under *Albuquerque-Phoenix Exp., Inc. v. Employ-*

ment *S. C.,* 88 N.M. 596, 544 P.2d 1161 (1975) (herein referred to as *Apex).* We agree with E.S.D. and Gas Co. that *Apex* is not applicable to this case. There, we based our holding in part on the consideration that we cannot allow "the commission to demand that ... [the claimants] abandon their legal rights and economic interest in the labor dispute and return to their jobs with the employer with whom they were disputing on the premise that their dispute was without merit." *Id.* at 598, 544 P.2d at 1163. Clearly, the fact that the *Apex* claimants were involved in a dispute with their employer was dispositive. Here, however, the claimants were not involved in a labor dispute with Gas Co.; their contract with Gas Co. was still in effect and their union had not called a strike. Therefore *Apex* is not applicable here.

The judgment of the district court is reversed and the decision of E.S.D. is reinstated.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.