666 P.2d 1252

Kathryn N. HOWARD,
Petitioner-Appellant,

v.

Thomas A. HOWARD,
Respondent-Appellee.

No. 14290.

Supreme Court of New Mexico.

June 10, 1983.

Perry S. Key, Albuquerque, for petitioner-appellant.

Charles H. Reid, Albuquerque, for respondent-appellee.

## OPINION

SOSA, Senior Justice.

This appeal arises from an action for dissolution of marriage, division of property, child custody, child support and alimony. Mrs. Howard appeals the district court's final decree with respect to the property division, the award of alimony, and the

attorney's fees. We affirm in part and reverse in part.

 Mrs. Howard contends that the district court erred in refusing to adopt her requested finding that the real property of the parties located in Michigan was free of any interest of Dorothy Boden and was a gift to the parties. The district court found that "the claimed interest of Dorothy Boden, aunt of the petitioner, in the Michigan real property, is in the amount of $15,-000.00." The district court valued the Michigan property at $54,000. It then credited Mr. Howard with $15,000 as an allowance for Ms. Boden's interest and awarded the property to him at a net value of $39,-000. We reverse the judgment of the district court.

The property, approximately two and one-half acres of lakefront property on Lake Michigan, was initially acquired in undivided one-third interests by Mr. and Mrs. Howard, Mr. Howard's parents, and Mrs. Howard's aunt, Dorothy Boden. In 1976, Ms. Boden conveyed her one-third interest to Mr. and Mrs. Howard by warranty deed. In 1977, the Howards acquired the one-third interest held by Mr. Howard's parents. Although Ms. Boden paid half of the purchase price to Mr. Howard's parents for their one-third interest, the warranty deed was put in the names of Mr. and Mrs. Howard.

We find that there was a lack of substantial evidence to support the court's finding as to Ms. Boden's interest in the Michigan property. The first transfer, from Ms. Boden to the Howards, clearly showed Ms. Boden's intent to make a gift. The warranty deed clearly states that the "[c]onveyance represents a gift." The deed transferring the interest of Mr. Howard's parents does not show any interest belonging to or claimed by Ms. Boden. "The intention of the grantor must be derived from the language of the instrument of conveyance, and it will not be impeached except to correct or prevent injustice for such reasons as accident, mistake or fraud." *Birtrong v. Coronado Building Corp.,* 90 N.M. 670, 672, 568 P.2d 196, 198 (1977). The testimony of Mr.

and Mrs. Howard did not establish any accident, mistake or fraud which would require that the deeds be corrected. Mr. Howard testified that he felt Ms. Boden might be entitled to a repayment of her investment if the property were sold. He did not offer in evidence any Michigan law or an explanation of how he arrived at the figure of $15,000 for Ms. Boden's interest. Mrs. Howard testified to her belief that Ms. Boden had made a gift of her share of the property to the Howards. She further testified that there was an oral agreement that Ms. Boden could use the property when she was in the United States, but that Ms. Boden had no claim to or interest in the property.

"Findings not supported by substantial evidence, and which have been properly attacked, cannot be sustained on appeal * *." *Getz v. Equitable Life Assurance Society,* 90 N.M. 195, 199, 561 P.2d 468, 472, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). The district court's finding as to Ms. Boden's interest in the Michigan property is not supported by substantial evidence and must be reversed. Accordingly, we reverse the judgment of district court and remand with instructions to consider the effect that the deletion of the $15,000 interest purported to belong to Ms. Boden will have in the distribution of the assets between the parties.

 Mrs. Howard also contends that the trial court failed in its duty to divide the property of the community equally and to award the separate property of each to the one entitled thereto. We have reviewed the record and we find that there was substantial evidence to support the trial court's valuation and award of each item of property challenged by Mrs. Howard. Findings supported by substantial evidence will not be overturned on appeal. *Farmers and Stockmens Bank v. Morrow,* 81 N.M. 678, 472 P.2d 643 (1970). Accordingly, the decision of the trial court on this issue is affirmed.

Mrs. Howard also argues that the alimony awarded was so inadequate as to constitute an abuse of discretion. The court

awarded temporary alimony for nine months in the amount of $300 per month commencing September 1, 1981. The Final Decree was entered on April 2, 1982. Therefore, Mrs. Howard received alimony payments for eight months prior to the entry of the Final Decree and only one alimony payment after the divorce was final.

Alimony may be defined as "the allowance which a husband may be compelled to pay to his wife or former wife for her maintenance when she is living apart from him or has been divorced." 24 Am.Jur.2d *Divorce and Separation* § 514 (1966) (footnote omitted). The applicable statute, NMSA 1978, Section 40–4–7, provides that

A. In any proceeding for the dissolution of marriage, division of property, disposition of children or alimony, the court may make and enforce * * * an order * * * to provide for the support of either party during the pendency of the proceeding, as in its discretion may seem just and proper * * *.

B. On final hearing, the court:

(1) may allow either party such a reasonable portion of the spouse's separate property, or such a reasonable sum of money to be paid by either spouse, either in a single sum, or in installments, as alimony, as under the circumstances of the case may seem just and proper; * * *.

■ The award or denial of alimony rests within the sound discretion of the trial court. *Burnside v. Burnside,* 85 N.M. 517, 514 P.2d 36 (1973). Such an award will be reviewed only to determine whether there was an abuse of discretion in fixing an amount which was contrary to all reason. *Fitzgerald v. Fitzgerald,* 70 N.M. 11, 369 P.2d 398 (1962).

■ The court in the instant case considered those factors appropriate to a determination of the amount of alimony to be granted. *See Ellsworth v. Ellsworth,* 97 N.M. 133, 637 P.2d 564 (1981). The court found that Mrs. Howard was 39 years old, in good health, able to work, had some college education, had been employed at several jobs, and was able to be regularly employed at a salary adequate to support her. Alimony may be awarded during the pendency of a proceeding. We find that the timing and amount of the award of temporary alimony in this case did not constitute an abuse of discretion. The district court's award of alimony is therefore affirmed.

■ Mrs. Howard also contends that the attorney's fees allowed by the court were inadequate. She argues that the court should have allowed attorney's fees in the amount of $2,619.75. The court found that Mrs. Howard was unable to afford all of her attorney's fees and that Mr. Howard should be required to contribute the sum of $1,500 toward her attorney's fees and costs.

The award of attorney's fees in a divorce action is within the sound discretion of the trial court and will not be overturned in the absence of a showing of an abuse of such discretion. *Lucas v. Lucas,* 95 N.M. 283, 621 P.2d 500 (1980). We do not find that the court abused its discretion in this case.

Mrs. Howard seeks an award for attorney's fees incurred on this appeal. We agree that such an award would be proper under the circumstances. Accordingly, Mrs. Howard is awarded attorney's fees on appeal of $1,500.

For the foregoing reasons, the judgment of the district court is reversed with respect to the Michigan property, affirmed as to all other challenged issues, and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.