683 P.2d 69

**John L. SANTIAGO, Plaintiff-Appellee,**

v.

**NEW MEXICO EMPLOYMENT SECURITY DEPARTMENT, Defendant-Appellant,**

and

**Safeway Stores, Inc., Defendant.**

No. 7376.

Court of Appeals of New Mexico.

June 12, 1984.

Paul Bardacke, Atty. Gen., Richard Baumgartner, Asst. Atty. Gen., for Employment Sec. Dept., Albuquerque, for defendant-appellant.

David L. Duhigg, Duhigg & Cronin, Albuquerque, Bruce P. Moore, Moscow, Idaho, for plaintiff-appellee.

**OPINION**

WOOD, Judge.

This appeal involves New Mexico's Unemployment Compensation Law, NMSA 1978, Sections 51-1-1 to -53 (Repl.Pamp. 1983). Eligibility for unemployment benefits involves a base period, see Section 51-1-42(A), and the computation of wages paid for insured work within the base period, see Section 51-1-4. If a claimant has not received sufficient wages within the base period, he or she will not qualify for benefits. An injured claimant may fail to receive sufficient wages because of the injury. Employment Security Department (ESD) refers to this as monetary eligibility for benefits under Section 51-1-4. Santiago was off work due to an injury, for which he received worker's compensation. His eligibility for benefits depends upon Section 51-1-6, an exception to the general rules of monetary eligibility, which states:

> Any person who has had a continuous period of sickness or injury for which he received benefits under the Workmen's Compensation Act [52-1-1 to 52-1-69 NMSA 1978] or the New Mexico Occupational Disease Disablement Law shall be entitled, if he was eligible before the sickness or injury occurred, to apply for and receive such unemployment compensation benefits, as he would have been eligible to receive them if he had been involuntarily separated from work at the time of the occurrence of the sickness or injury. The right to unemployment compensation benefits shall not be preserved under this section unless a claim for benefits is filed with respect to a week that is not later than the fourth calendar week after the termination of the continuous period of compensated sickness or injury, and unless such week is within the thirty-six month period that follows the date of the commencement of the continuous period of sickness or injury.

The appellate issue is the applicability of Section 51-1-6.

It is undisputed that Santiago came within the first sentence of Section 51-1-6. He was injured on July 19, 1980. Installment

worker's compensation benefits were paid from July 20, 1980 to May 25, 1982.

The second sentence of Section 51-1-6 requires that a claim for unemployment benefits be filed for a week within thirty-six months following the commencement of a continuous period of injury. Santiago's claim was filed on September 14, 1982. It is undisputed that Santiago's claim was filed within thirty-six months after he was injured. The parties do not contend that the thirty-six-month requirement was not met.

The dispute is over the phrase, in the second sentence of Section 51-1-6, which provides: "The right to unemployment compensation benefits shall not be preserved under this section unless a claim for benefits is filed with respect to a week that is not later than the fourth calendar week after the termination of the continuous period of compensated * * * injury * * *." Santiago settled his worker's compensation claim on June 2, 1982. His claim for unemployment benefits, filed September 14, 1982, was more than four weeks later.

Santiago's claim for unemployment benefits was denied by ESD at all hearing and appeal levels. Santiago obtained district court review of the denial of benefits under the certiorari provisions of Section 51-1-8(M). The district court ruled that the claim filed September 14, 1982 was not later than the fourth calendar week after termination of the continuous period of compensated injury. The district court ordered that unemployment benefits be paid in accordance with its ruling. ESD appeals. Safeway Stores, who was Santiago's employer at the time of his injury, is not involved in this appeal.

The dispute is over the effect to be given the lump sum settlement Santiago received on June 2, 1982. That settlement was for $18,000, plus medical expenses for an additional year. There is no contention that the settlement for an additional year of medical expenses has any bearing on the applicability of the disputed statutory phrase; accordingly, we do not consider the medical expenses settlement. It is undisputed that there was a lump sum settlement of $18,-000. The question is the effect to be given the lump sum settlement.

In the trial court, and in this appeal, the parties contend the applicability of the disputed statutory phrase to the undisputed $18,000 lump sum worker's compensation settlement is a question of law.

Santiago's position is that he had a twenty-five percent partial, permanent disability from a back injury and up to 504 weeks of benefits remaining under the worker's compensation statute. In the trial court Santiago claimed that the lump sum settlement was a "compromised discounted payment for those weeks of benefits that he would have otherwise been entitled to receive." Santiago's appellate brief argues that where there is a lump sum settlement and a partial disability, the worker has, subject to the thirty-six-month limitation, "until * * his disability has passed * * * to claim unemployment compensation."

ESD contends that Santiago's view effectively eliminates the four-week provision from the statute when a worker has a partial disability and settles for a lump sum; that "injury" in Section 51-1-6 does not have the same meaning as "disability" under the worker's compensation statute; that injury in Section 51-1-6 means inability to work; and that after receiving the lump sum settlement Santiago was able to work.

The trial court was of the view (as shown by its oral remarks *not* included in either a decision or judgment) that the lump sum settlement was compensation for an actual disability which would continue in the future, and that the lump sum was simply an advance payment of future compensation for the disability. The trial court concluded that because the lump sum settlement represented compensation for a continuing disability, the claimant's time to file should have been extended.

The contentions outlined above all proceed on an assumption about the lump sum settlement. The parties have assumed that the settlement was for a partial disability

that extended over the number of weeks remaining for payment of benefits under the worker's compensation statute. It is on this basis that the parties and the trial court considered the applicability of the disputed statutory phrase in Section 51–1–6 to be a question of law.

We do not decide the asserted question of law because the assumption on which the legal question is based is not supported by the appellate record. The statutory interpretation issue is reserved for a case where the facts require that the statute be interpreted.

The record shows that one doctor had rated Santiago as having a twenty-five percent partial, permanent disability on the basis of a back injury, and if there had been no lump sum settlement, the installment compensation being paid (the inference is that the payment was for temporary total disability) would "have been reduced 75% because of the 25% rating." This does not show the details of the lump sum settlement.

Evidence as to what the lump sum settlement covered is sparse. A lump sum settlement may be for different things. *Cf. Burton v. Jennings Brothers*, 88 N.M. 95, 537 P.2d 703 (Ct.App.1975). The settlement papers are not before us; they were never tendered as evidence. The record is unclear as to whether the settlement was court approved. In argument, counsel made no attempt to describe the details of the settlement.

There are only three items in the record going to the settlement details. At an administrative hearing Santiago testified: "All the money they paid me was for training." Santiago's written statement was: "[O]n June 2, 1982 compensation was halted and a settelment [sic] to rehabilitate was reached." The insurance adjuster who settled with Santiago wrote:

4. The only reason Workmen's Compensation was stopped was because he desired a lump sum settlement of his claim in lieu of surgical procedures which might have corrected his back condition.

5. If no lump sum settlement had been entered into, it is difficult to say how much longer he may have received Workmen's Compensation benefits * * *

These items negate the assumption that the lump sum settlement was for a partial disability extended over the remaining weeks worker's compensation could be paid.

There is no evidence that the lump sum settlement was for a partial disability extending into the future. Santiago, the claimant, had the burden of showing that the four-week provision of Section 51–1–6 did not bar his claim. For unemployment compensation cases, see *Kennecott Copper Corp. v. Employment Security Commission*, 81 N.M. 532, 469 P.2d 511 (1970); *Wilson v. Employment Security Commission*, 74 N.M. 3, 389 P.2d 855 (1963). For worker's compensation cases, see *Geeslin v. Goodno, Inc.*, 77 N.M. 408, 423 P.2d 603 (1967); *Mayfield v. Keeth Gas Co.*, 81 N.M. 313, 466 P.2d 879 (Ct.App.1970). He did not meet this burden.

The judgment of the trial court is reversed. No costs are awarded.

**IT IS SO ORDERED.**

NEAL and MINZNER, JJ., concur.