689 P.2d 1266

**Jose E. JIMENEZ, Petitioner-Appellee,**

**v.**

**DEPARTMENT OF CORRECTIONS, et al., Respondents-Appellants.**

**No. 14844.**

Supreme Court of New Mexico.

Sept. 18, 1984.

Rehearing Denied Oct. 25, 1984.

Paul Bardacke, Atty. Gen., Deborah A. Moll, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

Frank Dickson, Jr., Albuquerque, for petitioner-appellee.

## OPINION

STOWERS, Justice.

This appeal is from the judgment of the district court reversing a decision of the New Mexico State Personnel Board (Board). Jose E. Jimenez (Jimenez) was dismissed from employment by the Corrections and Rehabilitation Department (Department). Jimenez appealed his dismissal to the Board and a hearing was held before a hearing officer designated by the Board pursuant to NMSA 1978, Section 10–9–18(E) (Repl.Pamp.1983). Upon review of the evidence presented at the hearing, the Board upheld the Department's dismissal of Jimenez. This matter was then brought

before the district court upon a writ of certiorari. The district court issued the writ and reviewed the Board's decision. The district court found that there was not substantial evidence in the record before the Board to support its finding that Jimenez had been negligent and inefficient in performing his duties as an employee of the Department, and reversed the Board's decision. The Board and Department appeal. We reverse the district court.

The primary issue to be decided is whether the district court erred in ruling that the Board's decision to sustain the dismissal was not supported by substantial evidence.

On the night of December 9, 1979, Jimenez was the guard on duty in Tower 1 of the New Mexico State Penitentiary. Jimenez began his post as guard at approximately 7:05 p.m. that evening. At about 6:45 p.m. that same night, ten inmates escaped from the Penitentiary. An eleventh inmate, Harmon Ellis (Ellis), escaped at approximately 7:30 p.m. Following an investigation into the mass escape, Jimenez was dismissed for violation of State Personnel Board Regulations 602.3(a), "negligent or inefficient performance," and 602.-3(e), "conduct tending to interfere with the efficient operation of the agency," because he failed to detect the escape of prisoner Ellis. The guard who was on duty in Tower 1 during the earlier escape of the ten other inmates was also dismissed by the Department.

The New Mexico laws governing state personnel administration are found in the Personnel Act, NMSA 1978, Sections 10–9–1 to –25 (Repl.Pamp.1983). The procedure for appealing an order of dismissal is found in Section 10–9–18, which provides that the district court shall affirm the Board's decision unless the decision is found to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) not supported by substantial evidence; or

(3) otherwise not in accordance with law.

§ 10–9–18(G). In the present case, the district court's order entered on January 20, 1983, stated in pertinent part:

[T]here is insufficient Substantial evidence on the record before the State Personnel Board to support their conclusion that the Petitioner [Jimenez] was negligent or inefficient in the operation of the agency in failing to detect the escape of an inmate while Petitioner [Jimenez] was the guard on duty in Tower 1 of the New Mexico State Penitentiary on December 9, 1979.

■■■ The scope of review on appeal before this Court is the same as that before the district court. *Lloyd McKee Motors, Inc. v. New Mexico State Corporation Commission,* 93 N.M. 539, 602 P.2d 1026 (1979). Moreover, this Court recently modified the substantial evidence rule and adopted the whole record standard of review. *Duke City Lumber Co. v. New Mexico Environmental Improvement Board,* 101 N.M. 291, 681 P.2d 717 (1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Baca v. Employment Services Division of Human Services,* 98 N.M. 617, 619, 651 P.2d 1261, 1263 (1982) (quoting *Toltec International, Inc. v. Village of Ruidoso,* 95 N.M. 82, 84, 619 P.2d 186, 188 (1980)). In order to determine whether the decision by the Board is supported by substantial evidence in the record as a whole, the district court was required to review the evidence in the light most favorable to the Board's decision. *Duke City Lumber Co.,* 681 P.2d at 720 (quoting *New Mexico Human Services Department v. Garcia,* 94 N.M. 175, 176–177, 608 P.2d 151, 152–153 (1980)).

■■■ After reviewing the record before us, we find that the district court erred in holding that there was not substantial evidence for the Board to conclude that Jimenez should have detected the escape of Ellis, and failing to do so, was negligent or inefficient in the performance of his duties. The record indicates that Jimenez was the guard on duty in Tower 1 during the Ellis escape. An investigation into the escape

revealed that, to escape, Ellis climbed out of the cell block facing Tower 1 and ran across a fifty-yard wide open space. The tower had an unobstructed view of this area and was also equipped with a spotlight. Upon reaching a perimeter fence, Ellis walked beside it for a period of time. This fence was illuminated by large fluorescent lights. Although there was evidence of a blind spot in the fence, this would only hide someone lying down next to it and not an escapee such as Ellis who was actually pacing up and down. There was testimony that the Ellis escape may have occurred while Jimenez was releasing members of a visiting basketball team. However, had Ellis made his escape at this time, the tower was equipped with a mirror to enable Jimenez to detect any activity behind him. Finally, the prison warden, who was knowledgeable in the operation of the prison and familiar with the tower and the escape route, testified that Jimenez should have detected the escape of prisoner Ellis.

The experience and knowledge of a state agency should be accorded deference. *Stokes v. Morgan*, 101 N.M. 195, 680 P.2d 335 (1984). There was substantial evidence in the record to support the Board's conclusion that Jimenez was negligent or inefficient in the performance of his duties by failing to detect the escape of prisoner Ellis. The judgment of the district court is reversed and the Board's decision is reinstated.

IT IS SO ORDERED.

RIORDAN, J., and TONY SCARBOROUGH, District Judge, concur.

SOSA, Senior Justice, and WALTERS, J., dissenting.

WALTERS, Justice (dissenting, joined by SOSA, Senior Justice).

If, as the majority says, *Duke City Lumber Co., supra,* requires the trial court to review the entire record produced at the administrative hearing to determine *"on balance"* (id., 681 P.2d at 719) whether the administrative decision is supported by substantial evidence, and we are bound to the same standard of review, then we cannot agree with the majority opinion. The entire record in this case will not support the Board's decision.

The Board heard no evidence; it did not read any transcript or listen to any tape recordings of the hearing. It relied entirely on the Hearing Officer's report which summarized the testimony offered by witnesses at the hearing. The Hearing Officer made no finding of negligence on Jimenez's part, and he made no recommendations whatever regarding Jimenez's termination.

Jimenez was fired on December 18, 1979, some time before it was learned that ten inmates had escaped before 7:00 p.m. and that only one inmate had later escaped during the time Jimenez was on duty at Tower 1. The warden, at the insistence of the Secretary of Corrections, had recommended firing Jimenez "based on the mass escape of eleven (11) inmates on December 9, 1979," because "Officer Jimenez was not observent (sic) or alert and failed to detect unusual activity in his area of responsibility."

At the approximate time of the last inmate's escape, Jimenez was checking 25 basketball players out of the front gate adjacent to his tower assignment location. A mirror, *located in the tower,* would permit a guard on duty in the tower and facing north to observe the yard area to his rear where the escape occurred. The justification for the inference that a single guard could check 25 persons through a gate *adjacent* to his tower post and, at the same time, observe through a mirror in the tower the 6-to-30-second activity of a single escapee occurring behind him, is not explained anywhere in the record. Indeed, the Hearing Officer found as a fact that Jimenez could not have seen the escape area "while he was engaged in providing Officer Harrison with a flashlight, while he was supervising the basketball players leaving through the front gate, and while performing other duties."

We said, more than half a century ago, that where the trial court makes its findings and conclusions based upon matters of record only, having heard no evidence nor observed the conduct and demeanor of any witnesses, that our review of the trial court's findings would be to determine whether they are supported by a preponderance of the evidence submitted to the trial court. *Bolles v. Pecos Irr. Co.*, 23 N.M. 32, 167 P. 280 (1917). The evidence in this case, when placed "on balance" with all findings of the hearing officer, far preponderates and outweighs any evidence of negligence or inefficient performance on the part of Jimenez. The trial court correctly so decided. Thus, under either the *Duke City* or the *Bolles* standards of review, and in accordance with the long-standing rules that the evidence will be viewed most favorably to the successful party and that a judgment of the trial court will be sustained if supported by the evidence, *Lucas v. Lucas*, 95 N.M. 283, 621 P.2d 500 (1980), the judgment of the trial court was proper and should be affirmed.