898 P.2d 1265

Dr. Gediminas CIBAS, Plaintiff–Appellant,

v.

NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPARTMENT, Defendant–Appellee.

No. 15673.

Court of Appeals of New Mexico.

April 19, 1995.

Certiorari Denied June 21, 1995.

Christopher Carlsen, Law Offices of Christopher Carlsen, Santa Fe, for plaintiff-appellant.

Tom Udall, Atty. Gen., Lyn S. Hebert, Sp. Asst. Atty. Gen., Energy, Minerals & Natural Resources Dept., Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Appellant appeals from an order of the district court reversing the decision of the State Personnel Board (the Board) which directed that Appellant be reinstated to his former position or a position of similar status, together with back pay and benefits. The central issue on appeal is whether the Board had jurisdiction to adjudicate Appellant's claim that he was improperly terminated from employment. For the reasons discussed herein, we affirm.

## FACTS

Appellant was employed as an Energy Consultant by the New Mexico Energy and Minerals Department (EMD). On June 10, 1987, Anita Lockwood, Acting Secretary of

the EMD, notified Appellant that an administrative decision had been made to abolish his position, effective June 26, 1987, because the EMD's budget for the seventy-sixth fiscal year (July 1, 1987, through June 30, 1988) mandated a reduction in force.

Appellant simultaneously filed an appeal to the Board and a grievance with the EMD under the EMD grievance procedures, alleging, among other things, that (1) his layoff failed to comply with applicable rules and regulations of the Board; (2) the EMD failed to accord him displacement and re-employment rights; (3) his layoff violated the provisions of New Mexico Laws 1987, Chapter 234; and (4) his layoff was a ruse and a device to avoid according him his rights under the State Personnel Act. A hearing officer was appointed to hear the appeal. On June 18, 1987, the hearing officer notified Appellant that his appeal to the Board was premature because his layoff was not effective until June 26, 1987. On June 22, 1987, the EMD notified Appellant that under EMD rules a grievance could not be brought against Acting Secretary Lockwood. Thereafter, on July 10, 1987, Appellant filed what appears to be a combined second appeal to the Board and an appeal to the State Personnel Director (the Director) from the EMD's denial of a grievance. After the filing of these administrative appeals, the first hearing officer resigned and a second hearing officer was appointed by the Board to hear Appellant's appeals.

Following the completion of the hearing conducted by the new hearing officer, she adopted findings of fact and conclusions of law, recommending: (1) upholding EMD's denial of Appellant's grievance; (2) reinstatement of Appellant with back pay and benefits because Appellant's layoff constituted a constructive discharge that improperly circumvented legislative restrictions limiting the EMD's power to dismiss employees; and (3) that Appellant's displacement or "bumping" rights under State Personnel Board Rule 14.5 (April 5, 1986) had been violated. On June 7, 1989, the Director issued a decision adopting the hearing officer's initial findings and conclusions, and recommended that Appellant's appeal from the EMD's denial of his formal grievance be denied. On June 16, 1989, the Board issued a decision adopting the hearing officer's second recommendation that Appellant should be reinstated with back pay and benefits. Neither the Director nor the Board adopted the hearing officer's third recommendation.

Thereafter, the New Mexico Energy, Minerals and Natural Resources Department, which was established on July 1, 1987, by combining the EMD and the Natural Resources Department, filed a notice of appeal from the decision of the Board to the First Judicial District Court in Santa Fe, New Mexico. Appellant did not seek judicial review of the Director's denial of his grievance, nor did he cross-appeal on the issue of displacement rights. After a hearing, the district court adopted findings of fact and conclusions of law and a memorandum decision reversing the decision of the Board and finding, among other things, that the Board did not have jurisdiction to hear Appellant's administrative appeal, and that the Board's determination that Appellant had been constructively discharged was not supported by substantial evidence.

## STANDARD OF REVIEW

■ We review decisions of the district court involving appeals under the State Personnel Act applying the same standard and procedure as the district court. *Jimenez v. Department of Corrections*, 101 N.M. 795, 796, 689 P.2d 1266, 1267 (1984); *Gallegos v. New Mexico State Corrections Dep't*, 115 N.M. 797, 800, 858 P.2d 1276, 1279 (Ct.App. 1992). Under NMSA 1978, Section 10–9–18(G) (Repl.Pamp.1992), both the district court and this Court on appeal will affirm the decision of the Board unless the ruling "is found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence; or (3) otherwise not in accordance with law." *See also Perkins v. Department of Human Servs.*, 106 N.M. 651, 654, 748 P.2d 24, 27 (Ct.App.1987).

## JURISDICTION

■ Appellant argues that this Court should reverse the judgment of the district

court and reinstate the decision of the Board because New Mexico Laws 1987, Chapter 234, prohibited the EMD from abolishing Appellant's position. We disagree.

In reviewing Appellant's claims, we first examine the statutes authorizing the reorganization of the EMD. The 1987 legislature enacted two separate legislative provisions involving the department in which Appellant was previously employed: New Mexico Laws 1987, Chapter 234 (the Energy, Minerals and Natural Resources Department Act); and Chapter 355 (the General Appropriation Act). New Mexico Laws 1987, Chapter 234, authorized the reorganization and merger of two existing state agencies, the EMD and the Natural Resources Department, to create the New Mexico Energy, Minerals and Natural Resources Department (the Department). As stated in New Mexico Laws 1987, Chapter 234, Section 2, the purpose of the Act was "to establish a single, unified department to administer laws and exercise functions formerly administered and exercised by the energy and minerals department and the natural resources department." Chapter 234, Section 83(A)(3) also provided: "[T]he secretary shall not reduce staff below the FTE [full-time equivalent] limitations of the applicable general appropriation act in the seventy-sixth fiscal year except by attrition, transfer, dismissal for cause, and by no other means, except for positions already vacant on the effective date of the law." Chapter 234, Section 85 stated that "[t]he effective date of the provisions of this act is July 1, 1987."

Under New Mexico Laws 1987, Chapter 355, the General Appropriation Act for the seventy-sixth fiscal year beginning July 1, 1987, the legislature reduced the number of authorized FTEs from nineteen to sixteen for the EMD, Resource Development and Management Division, where Appellant was previously employed. Following the 1987 legislative session, Lockwood, in her capacity as Acting Secretary of the EMD, submitted a layoff plan to the Board. The Board and its director approved the plan and recognized the entire EMD as the organizational unit for the purpose of carrying out the layoffs. *See*

State Personnel Board Rule 14.6(B) (Apr. 5, 1986) ("No layoff due to reduction in force shall be implemented without the approval of the [Personnel] Director."). The plan provided that the layoffs detailed therein would take effect prior to July 1, 1987. The layoff plan submitted by Lockwood also followed the recommendation of the Legislative Finance Committee which proposed that Appellant's position be eliminated. Because Appellant's position was abolished pursuant to the layoff plan prior to July 1, 1987, the provisions of New Mexico Laws 1987, Chapter 234, Section 83(A)(3), restricting staff reductions, did not apply because Appellant's layoff was carried out prior to the effective date of Chapter 234.

■ Appellant seeks to avoid the conclusion that Chapter 234 cannot be applied to his situation by arguing that Chapter 234 must be deemed to be *in pari materia* with New Mexico Laws 1987, Chapter 355. In accord with Article IV, Section 23 of the New Mexico Constitution, Chapter 355 became effective prior to the date of Appellant's termination. While the two acts dealt with clearly overlapping subjects, we do not believe that the General Appropriation Act (Chapter 355) can be given sufficiently broad effect to require application of Chapter 234 before the effective date explicitly prescribed by the legislature. Moreover, reading the two laws together, and recognizing the difference in their effective dates, the laws appear to contemplate precisely the sort of reduction in force effected by Lockwood.

■ Thus, the dispositive question posed herein is: Does a state employee, whose position is eliminated because of a lawful reorganization of an agency or department, have a right to appeal the decision to eliminate his position once the proposed layoff plan has been submitted to the State Personnel Board, and the Board has given its approval to the layoff plan? We hold that Judge Herrera properly found, under the circumstances presented here, that the State Personnel Act (NMSA 1978, Sections 10–9–1 to –25 (Repl.Pamp.1992)) does not invest the

Board with jurisdiction over such appeal. *See Chalamidas v. Environmental Improvement Div.*, 102 N.M. 63, 66, 691 P.2d 64, 67 (Ct.App.1984) ("Administrative bodies are creatures of statute and can act only on those matters which are within the scope of authority delegated to them."); *Blaine Hudson Printing v. Utah State Tax Comm'n*, 870 P.2d 291, 292 (Utah Ct.App.1994) ("Without subject matter jurisdiction, the court or agency lacks the power to [act except to dismiss] the proceeding.").

Section 10–9–18(A) of the State Personnel Act enumerates the circumstances wherein an appeal may be taken to the Board. The statute provides in applicable part: "Any employee who is *dismissed, demoted or suspended* may, within thirty days after the dismissal, demotion or suspension, appeal to the board. The appealing employee and the agency whose action is reviewed have the right to be heard publicly and to present facts pertinent to the appeal." (Emphasis added.) State Personnel Board Rules 15.1 to 15.19 (October 25, 1982) detail the procedural process by which appeals under Section 10–9–18 may be implemented.

Section 10–9–19, by providing rehire rights to employees "terminated by an employer in a reduction in force," implicitly authorizes a state agency or department to terminate an employee due to an authorized reduction in force. In addition to the foregoing statute, the Board has promulgated other rules detailing the manner in which layoffs due to a reduction in force are to be effected, which provide that employees with seniority, whose positions are eliminated due to a reduction in force and who are otherwise qualified to perform a specific job, may exercise a right to displace an employee in the same organizational unit who has less seniority. *See* State Personnel Board Rules 14.1 to 14.6 (Apr. 5, 1986). The State Personnel Rules also provide that an employee, who is laid off due to a reduction in force, may be rehired in a different position if a vacancy exists within the agency and the employee is found to be qualified for such job.

Following the abolition of Appellant's position, he was notified by officials of the newly organized department of a list of available positions that he could consider being rehired to fill. However, none of these positions satisfied Appellant's salary demands.

Section 10–9–18 of the State Personnel Act specifies that the right of an employee to appeal to the Board from agency decisions is limited to appeals involving the *"dismissal, demotion or suspension"* of employees. No statutory right of appeal exists for an employee whose position has been abolished pursuant to a reduction in force under a layoff plan which has been formally approved by the Board. *Id.* Section 10–9–10(B), which lists "[the hearing of] appeals" as one of the duties of the Board, does not impart any appellate jurisdiction to the Board beyond what is granted by Section 10–9–18. Termination of employment due to abolition of an employee's position differs from the *dismissal, demotion* or *suspension* of an employee. *See Donaldson v. Sisk*, 57 Ariz. 318, 324–25, 113 P.2d 860, 863 (1941) (attempted abolition of employment position was not a " 'dismissal, suspension or demotion' "); *Chestnut v. Lodge*, 34 Ill.2d 567, 216 N.E.2d 799, 802 (1966) ("layoffs" due to abolition of positions are not discharges for "cause"). Where an employee has been dismissed, demoted or suspended, the position previously occupied by the employee remains unchanged; however, where an employee's position has been abolished, the position ceases to exist. *Stretch v. Murphy*, 166 Or. 439, 112 P.2d 1018, 1021 (1941) (term " 'abolish' " means " 'to do away with, annul or make void.' "). The use of the word "termination" in Section 10–9–19 to describe a job loss from a reduction in force indicates that the New Mexico legislature was distinguishing between a dismissal and a termination.

█ In considering this issue, the district court found that Appellant's "position[ ] was eliminated as a result of [an] appropriate government action." We agree. Lockwood, in accord with the recommendation of the Legislative Finance Committee, submitted a proposed layoff plan to the Board which provided for the elimination of the specific posi-

tion occupied by Appellant. The Board approved the plan as submitted by Lockwood. We conclude that where the Board authorizes the elimination of a specific position pursuant to an approved layoff plan, and the plan is otherwise in accordance with law, the Board is without authority to order that an employee's position be retained unless the Board withdraws its approval of the layoff plan. In the instant case, the Board has never withdrawn its approval of the layoff plan.

■ We are not suggesting that the Board is divested of authority to hear dismissal cases simply because the state agency denotes the dismissal as a layoff or reduction in force. The Board retains the authority at all times to examine facts and make a finding concerning its own jurisdiction, subject, of course, to review by the courts. *State ex rel. State Corp. Comm'n v. Zinn*, 72 N.M. 29, 36, 380 P.2d 182, 186 (1963).

Appellant argued to the Board, and the Board agreed, that it had jurisdiction to hear his appeal because it found that Appellant's termination was in fact a "constructive discharge," under the guise of a reduction in force. By "constructive discharge," Appellant and the Board apparently meant that the layoff was pretextual or a sham to hide other improper motives on the part of Lockwood. However, the hearing officer's and the Board's decision was premised on the view that termination of any kind was disallowed by Chapter 234. Because we have determined as a matter of law that this view was in error, those findings and conclusions which were dependent on the Chapter 234 theory must fall also.

Appellant also argues that the Department was barred from challenging the Board's findings because it failed to submit proposed findings on the specific issues raised at the administrative level. Appellant also contends that the district court impermissibly exceeded the scope of its review by substituting its own findings, conclusions and judgment for that of the Board. The Department, however, sufficiently alerted the Board

to the issues raised on appeal so that there is no preservation problem here. *See Cockrell v. Cockrell*, 117 N.M. 321, 324, 871 P.2d 977, 980 (1994). As for the findings by the district court, the findings material to our resolution of this appeal were not findings arrived at by weighing testimony and other evidence. They were restatements of undisputed facts, including facts specifically found by the Board. We find no reversible error in the district court's fact-finding.

## DISPLACEMENT AND RE-EMPLOYMENT RIGHTS

■ Finally, Appellant argues that even if we affirm the district court's ruling, we should remand the case to the Board for determination of whether his dismissal was in accord with the Board's layoff procedures and whether he was improperly denied displacement or re-employment rights. This we cannot do. Appellant failed to raise the issue in district court. If he desired judicial review of these matters, he should have cross-appealed to the district court, seeking relief arising from violation of layoff procedures in the event that the district court reversed the Board's decision that he was improperly dismissed.

## CONCLUSION

Because the Board was without authority to hear Appellant's appeal in the instant case under Section 10-9-18, and Appellant has not pursued appellate review in the district court of his replacement-rights claims, we conclude the district court properly determined that the Board lacked jurisdiction to order his reinstatement and an award of back pay and benefits. The decision of the district court is affirmed.

IT IS SO ORDERED.

HARTZ and BUSTAMANTE, JJ., concur.