[No. 2647.   July 28, 1922.]

### OLDHAM v. OLDHAM

#### SYLLABUS BY THE COURT

Section 2778, Code 1915, is sufficiently broad to authorize the district court, upon an appeal by the wife to this court from a decree against her, to award to her suit money sufficient to enable her to prepare and present her case on appeal; and this power of the district court is a continuing power, until at least, the case has been fully placed before this court by the filing of a transcript on appeal.

Appeal from District Court, Roosevelt County; Bratton, Judge.

Suit by W. O. Oldham against Ophelia B. Oldham. Decree for plaintiff. From an order requiring plaintiff to pay a reasonable sum to cover costs of appeal of defendant, he appeals. Affirmed.

George L. Reese, of Portales, for appellant.

R. G. Brown and W. E. Lindsey, of Portales (E. R. Wright, of Santa Fé, of counsel), for appellee.

#### OPINION OF THE COURT

PARKER, J. A final decree of divorce was rendered in favor of the appellant on January 11, 1921. The appellee appealed, and gave a cost bond on February 24, 1921. On February 2, 1921, prior to the filing of the cost bond, the appellee filed a motion to require the appellant to pay a reasonable sum to cover the costs of such appeal. On February 26, 1921, an opinion was rendered by the trial court, holding that it had power to grant motion for such allowances. Exceptions to the findings were filed by appellant on March 8, 1921, and

overruled, and an order requiring payment of such costs was entered on March 14, 1921. The appellant appeals from that order.

The appellant contends that, as the appellee here had been granted an appeal from the judgment of January 11, 1921, and had given a cost bond, the district court lost jurisdiction of the case, and the order of March 14, 1921, was coram non judice. The trial court held that it had power to make the order under the provisions of section 2778, Code 1915, which provides that, in suits for the dissolution of the bonds of matrimony, etc., the court ''may make such order, relative to the expenses of the suit, as will insure the wife an efficient preparation and presentation of her case.''

The meaning of the section is not free from doubt. It does not in terms indicate the court in which the preparation and presentation of the wife's case is to be provided for by allowances against the husband. But we believe the language used sufficiently broad to authorize the action taken by the district court. The statute is designed to enable the wife to prepare and present her case for final determination. The statute does not limit the power conferred to providing means for the preparation and presentation of the wife's case in the district court. The words used are broad and comprehensive, and are sufficient authority for the district court to compel the husband to furnish the means wherewith the wife may prepare and present her case on appeal to this court. Such is the interpretation of similar statutes by a majority of the courts in other states. See note to Ex parte Farrell, 196 Ala. 434, 71 South. 462, L. R. A. 1916F, 1257; Maxwell v. Maxwell, 67 W. Va. 119, 67 S. E. 379, 27 L. R. A. (N. S.) 712, and note; Snider v. Snider, 179 Ind. 583, 102 N. E. 32, 3 A. R. C. 1201, and note.

If our interpretation of this section is correct, as we assume it to be, the district court still retains jurisdiction, after the granting of the appeal and the filing of

State ex rel. Bd. of Ed. of Vil. of Roy v. Saint, 28 N. M. 165

the cost bond, by force of the statute, and it is a continuing power, until at least the cause has been fully placed before us by the filing of the transcript on appeal. When this has been done, as we held in Taylor v. Taylor, 19 N. M. 383, 142 Pac. 1129, L. R. A. 1915A, 1044, this court has inherent power to allow suit money to the wife to enable her to properly present her case here.

Counsel for appellant urges that, even if the district court had jurisdiction to make the order, it was an erroneous exercise of that jurisdiction under the circumstances. It appears that the wife was the defendant in the divorce proceeding, and the court found that she was guilty of desertion, and entered a decree against her, from which she appealed. The district judge in his opinion states that, while he is satisfied with the correctness of his findings and decree, in view of the fact that the wife feels aggrieved by the judgment, she should, in his opinion, have the means provided by the husband to prosecute said appeal. The record in the divorce case is not before us; at least, the testimony is not here; and we are therefore not in a position to say that the appeal is not taken in good faith, or that there is no probability of success by the wife upon her said appeal, such as to deprive her of the right to the award of suit money.

For the reasons stated, the judgment of the court below will be affirmed; and it is so ordered.

RAYNOLDS, C. J., and DAVIS, J., concur.