24 P.(2d) 292

## LORD v. LORD.

No. 3675.

Supreme Court of New Mexico.

June 26, 1933.

E. R. Wright and Donovan N. Hoover, both of Santa Fe, for appellant.

Roberts, Brice & Sanchez, of Santa Fe, for appellee.

WATSON, Chief Justice.

In disposing of this case [37 N. M. 24, 16 P.(2d) 933], we overlooked an application for counsel fees made by appellant. Our power to make such allowance is challenged.

The statute (1929 Comp. St. § 68-506) does not expressly cover the present situation.

■ We have held that on an appeal in a divorce case we have inherent power to allow the wife suit money to enable her to present her case. Taylor v. Taylor, 19 N. M. 383, 142 P. 1129, L. R. A. 1915A, 1044. And we have held that, after the taking of an appeal and before the lodging of the transcript here, the trial court may make an allowance for such purpose. Oldham v. Oldham, 28 N. M. 163, 208 P. 886.

This allowance to the wife is founded upon the husband's legal obligation to furnish necessaries, upon his control of the community purse, and upon the statutory policy that, in the trial court at least, the wife shall have the means for "efficient preparation and presentation of her case."

In a number of jurisdictions it is thought that these considerations disappear with the absolute divorce, and that neither such a statute as ours, nor any inherent power of the court, permits such an allowance as is here prayed; the parties being strangers, and the proceeding not differing from an ordinary suit for money damages. Winchester v. Winchester, 138 Md. 95, 113 A. 584, 14 A. L. R. 609, citing Maryland and New York decisions; Barish v. Barish, 190 Iowa, 493, 180 N. W. 724, followed in Nicolls v. Nicolls, 211 Iowa, 1193, 235 N. W. 288; and other cases taking this view collected in the A. L. R. annotation of the first-mentioned case.

■ It seems to us that this is a somewhat illiberal view. It is true that the parties are no longer husband and wife, and that the community has been dissolved. True, the husband's general obligation to furnish necessities has ceased. But some of the incidents of the former relation subsist. The parental duties cannot be dissolved. By the judgment, the duty to support the wife has been continued to the extent of the alimony awarded. And that award, by express reservation in the judgment, is not necessarily a final disposition of the matter. With changed circumstances, either party may seek a modification of it. That is but to renew the original litigation. The policy which insists that the wife have counsel when her marital status and support are involved originally would seem to require the same protection when the latter is again jeopardized.

I consider, therefore, that the statute referred to, in its spirit, if not according to its letter, applies to a case like this. The distinction based on the dissolution of the marital relation being rejected, this court has the

same inherent power as in the divorce case. Numerous courts exercise the power, as appears from the A. L. R. annotation above referred to. Some distinctions are noted; such as that between the husband's application for a decrease, and the wife's application for an increase, of the alimony; between a meritorious application and one without merit; between one successful and one unsuccessful. These distinctions will be borne in mind when exercising the discretion, but are not important, we think, in determining whether the power exists.

We are of the opinion that the present case warrants an allowance of $100 to appellant as counsel fees on this appeal; such sum to be taxed as costs. Our original judgment will be modified accordingly.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.