112 P.2d 821

### PRINCE v. FREEMAN.
### No. 4581.

Supreme Court of New Mexico.

Feb. 14, 1941.

Rehearing Denied May 12, 1941.

Merritt W. Oldaker, of Albuquerque, for appellant.

Kiker & Sanchez, of Sante Fe, for appellee.

BRICE, Chief Justice.

The question is whether the trial court erred in sustaining the appellee's (plaintiff's) motion for judgment on the pleadings.

In making such motion the plaintiff admitted that all of the controverted allegations in his complaint were untrue and that all well pleaded material allega-

tions in the answer were true. Mammoth City v. Snow, 69 Utah 204, 253 P. 680.

The undenied allegations of fact contained in the complaint are as follows:

The parties are residents of the State of New Mexico. On the 23rd day of June, 1938, they entered into a contract of marriage which was solemnized by a minister of the Gospel at Albuquerque, New Mexico. Prior to the 5th day of August, 1937, the defendant and one Charles B. Freeman were husband and wife and continued so until after the marriage ceremony between the parties hereto was performed at Albuquerque. That prior to the 6th day of August, 1937, a suit was pending in a superior court of the state of California, wherein Charles B. Freeman was plaintiff and the defendant herein was·defendant, in which on said date there was entered an interlocutory judgment; which by its terms, among other things, provided: "It is adjudged that cross-complainant is entitled to a divorce from cross-defendant; that when one year shall have expired after the entry of this interlocutory judgment a final judgment dissolving the marriage between plaintiff and defendant be entered; and at that time the Court shall grant such other and further relief as may be necessary to a complete disposition of this action;"

On the 23rd day of June, 1938 (the date of the marriage between the parties), the defendant was still the wife of said Charles B. Freeman, and no relation of husband and wife arose between them by reason of the marriage ceremony performed at Albuquerque, New Mexico.

The material allegations of the answer are as follows:

On January 30, 1938, and a number of times thereafter, plaintiff proposed marriage to defendant, which she declined because, as she advised plaintiff, she could not legally marry him until a final decree would be entered in the California suit.

On the 27th day of May, 1938, plaintiff stated to defendant he had been advised by his attorney that she was free to marry in New Mexico, and that a final decree was only necessary to the validity of a California marriage. These representations defendant believed to be true, and came to New Mexico on June 23, 1938, and entered into the marriage ceremony with plaintiff heretofore mentioned.

On August 11, 1938, a final decree of divorce was granted to defendant in said cause pending in the Superior Court of Los Angeles County, California, in which Charles B. Freeman was plaintiff and she was defendant. Thereafter the defendant requested plaintiff to fulfill his promise of entering into another ceremonial marriage, which he repeatedly promised to do but never fulfilled.

Plaintiff and defendant lived and cohabited together as husband and wife from

June 23, 1938, until February 8, 1939, during which time defendant was a faithful wife to plaintiff. At all times between said dates they recognized each other as husband and wife; plaintiff introduced defendant to his neighbors, friends, relations and the public in general, as his wife, and defendant was so recognized by them. On February 8, 1939, plaintiff abandoned defendant against her wishes and without her consent and left her without means of support.

Plaintiff is the owner of property of the value of exceeding $125,000, out of which the defendant asked for a reasonable sum for her support and maintenance during the pendency of the action, reasonable attorney's fees to insure an efficient preparation and presentation of her cause and such other amounts and additional relief as the court should deem proper.

██ We need not cite authority to the proposition that the ceremonial marriage between the parties was void, as at the time of such marriage the defendant was the wife of Charles B. Freeman.

The fact that she was misled by the plaintiff into believing that a legal marriage could be consummated in New Mexico did not validate the marriage. Nor does the fact that the defendant requested plaintiff "to fulfill his promise of entering into another ceremonial marriage" after the final decree of divorce was entered in the California suit help her case.

It was merely a promise to enter into the marital state, which he never fulfilled.

It was held by a divided court in Re Gabaldon's Estate, 38 N.M. 392, 34 P.2d 672, 94 A.L.R. 980, that common law marriages are invalid in New Mexico. It is immaterial whether the majority or minority are correct in that decision, since there is no claim here of a common law marriage. Lanham v. Lanham, 136 Wis. 360, 117 N.W. 787, 17 L.R.A.,N.S., 804, 128 Am.St.Rep. 1085.

It follows that the parties to this suit were never legally married.

The remaining question is whether the trial court erred in refusing to require the plaintiff to pay defendant alimony and suit money. It is not claimed in defendant's answer that she was in fact legally married to the plaintiff, nor can it be inferred from any of the allegations in the pleadings that at the time she filed her answer there were any substantial grounds for believing that she had a defense to the action, notwithstanding (as alleged by her) she was fraudulently induced into believing that the marriage ceremony performed in New Mexico was valid. If there was any reasonable ground upon which defendant could claim that the marriage between her and plaintiff was legal, a different question would be presented. State ex rel. Wooten v. District Court, 57 Mont. 517, 189 P. 233, 9 A.L.R. 1212.

██ Sec. 68-506, N.M.Comp.Sts.1929, which provides for suit money and alimony

for a wife in a suit for the dissolution of the bonds of matrimony, etc., has no reference to actions to annul an invalid marriage. It is true that our statute makes provision for alimony, allowable in the discretion of the court, where annulment is had of an invalid or void marriage upon the ground of relationship within the prohibited degree, or where because the female is within the age where marriage is prohibited. Sec. 87-110, N.M. Comp.St.1929. But this act obviously applies to no other character of invalid or void marriages. It is generally held, however, that if the husband institutes an action against his wife for annulment of a marriage alleged to be invalid and the invalidity of the marriage is in good faith disputed by the wife. she may be allowed alimony pendente lite; but this does not apply in cases like this, in which the invalidity of the marriage is in effect admitted. Whitebird v. Luckey, 180 Okl. 1, 67 P.2d 775, 110 A.L.R. 1279, and annotations at page 1283 et seq., and previous annotations on the same subject in 4 A.L.R. at p. 926.

█ We are of the opinion that the trial court did not err in refusing alimony and suit money under the facts as disclosed by the pleadings.

The judgment of the district court should be affirmed, and it is so ordered

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.