651 P.2d 1296

**Sandra ALLEN, Petitioner-Appellant,**

v.

**Weldon R. ALLEN, Respondent-Appellee.**

No. 13981.

Supreme Court of New Mexico.

Sept. 30, 1982.

Pearlman & Diamond, David H. Pearlman, Joseph B. Zucht, Albuquerque, for appellant.

No appearance for appellee.

---

## OPINION

RIORDAN, Justice.

Sandra Allen (Appellant) petitioned the trial court for a dissolution of her remarriage to Weldon R. Allen (Appellee) and for a division of their property. Thereafter, she amended her petition to request an annulment. The trial court denied the annulment and granted a divorce. The trial court also found Appellee liable on arrearages for unpaid child support that accrued between the parties' first and second marriages. We affirm in part and reverse in part.

The issues on appeal are:

I. Whether the trial court erred in concluding that a valid marriage existed and in denying the annulment.

II. Whether the trial court committed reversible error by determining that Appellee owned a one-half (½) community property interest in property owned by the parties.

III. Whether the trial court erred in failing to determine the amount of child support arrearages.

IV. Whether the trial court erred in refusing to award attorney's fees to Appellant.

Appellant and Appellee were originally married on March 10, 1960, in Fort Worth, Texas. In February 1970, this marriage was dissolved by a divorce decree. Custody of the parties' two minor children was awarded to Appellant, and Appellee was ordered to pay child support.

On April 9, 1979, Appellant and Appellee remarried. On August 2, 1979, Appellant took title to property on Coors Road (Coors property), in Albuquerque, New Mexico, "as a single woman". On October 2, 1979, Appellant executed a standard quitclaim deed, transferring title to the Coors property from herself to herself and Appellee. The deed did not specify the manner in which the property was to be held.

On August 12, 1980, Appellant filed for a dissolution of the 1979 marriage and asked for a judgment for child support arrearages. On October 31, 1980, Appellant amended the petition to request an annulment on the grounds that (1) at the time of the subsequent marriage of Appellant and Appellee, Appellee was married to one, Patricia Ann Jordan Allen (Jordan); (2) the marriage between Appellee and Jordan was consummated in the State of Texas; and, (3) there was presently, pending against Appellee, a petition for divorce in Texas entitled Patricia Ann Jordan Allen v. Weldon R. Allen.

The trial court concluded that Appellant and Appellee were validly married and that Appellant was entitled to a dissolution of her marriage to Appellee on grounds of incompatibility. The trial court awarded one-half (½) of the Coors property, as community property, to Appellee. Finally, the trial court found Appellee liable for an unspecified amount of arrearages for past due, but unpaid child support. The trial court ordered each party to pay their own costs and attorney's fees.

### I. The Validity of the Marriage

The trial court determined that Appellee and Appellant were legally able to enter into a valid marriage on April 9, 1979. Appellant claims that the trial court erred and that her marriage to Appellee was invalid because he was married at that time to Jordan. We have held that "[i]n dual marriage situations, in which the validity of the second marriage is attacked on the basis of the first being a subsisting relationship

at the time the second was contracted, the presumption of validity attaches to the second marriage." *Panzer v. Panzer*, 87 N.M. 29, 32, 528 P.2d 888, 891 (1974). Furthermore, the invalidity of the second marriage must be proven by clear and convincing evidence. *Panzer v. Panzer, supra.*

Appellant claims that she successfully attacked the presumption by relying on exemplified copies of Jordan's Texas divorce petition and final *default* decree as evidence to prove that her remarriage to Appellee was invalid. This evidence was admitted without objection by Appellee. On the other hand, Appellee refuted this presumption by denying under oath that he had ever been married to Jordan or had ever publicly held himself out as being married to Jordan.

 Because Appellant did not meet her burden of proof by clear and convincing evidence, she was not entitled to have the trial court consider whether an annulment was appropriate. *Panzer v. Panzer, supra.* Therefore, we hold that there was substantial evidence to support the trial court's determination that the marriage between Appellant and Appellee was valid. *First Nat. Bank in Albuquerque v. Enriquez*, 96 N.M. 714, 634 P.2d 1266 (1981).

## II. *The Coors Property*

The trial court found that the Coors property was purchased subsequent to the remarriage of Appellant and Appellee and concluded that the Coors property was community property. However, Appellant argues that the Coors property is her separate property and should have been awarded to her.

 "Property in New Mexico takes its status as community or separate property at the time and by the manner of its acquisition." *Lucas v. Lucas*, 95 N.M. 283, 284, 621 P.2d 500, 501 (1981). While Section 40-3-12(A), N.M.S.A.1978, establishes a presumption that property acquired during

marriage by either husband or wife to be community property, if the property's purchase can be traced to separate funds, then that property is owned as separate property. *See Wiggins v. Rush*, 83 N.M. 133, 489 P.2d 641 (1971). The Coors property is clearly identifiable as Appellant's separate property because it was uncontested that it was purchased by Appellant on August 2, 1979, with funds from her *separate* bank account in which Appellee admits he had absolutely no interest.

The trial court, however, found that a quitclaim deed executed by Appellant to herself and Appellee on October 2, 1979, was a valid instrument. This instrument is a standard quitclaim deed stating, "Sandra Allen [Appellant] for consideration paid, quitclaim *to W. Ronald Allen [Appellee] and Sandra Allen [Appellant] whose address is 3925 Camino Del Valle, Albq. N.M. . . .*" (Emphasis added.) We must determine whether the trial court was correct in finding that by signing this deed, Appellant intended to transmute the Coors property from her separate property to community property.

 Transmutation is a general term used to describe arrangements between spouses to convert property from separate property to community property and vice versa. W. Reppy & W. De Funiak, Community Property in the United States 421 (1965). While transmutation is recognized, the party alleging the transmutation must establish the transmutation of property to community property by clear, strong and convincing proof. *Burlingham v. Burlingham*, 72 N.M. 433, 384 P.2d 699 (1963); *In re Trimble's Estate*, 57 N.M. 51, 253 P.2d 805 (1953); *Estate of Fletcher v. Jackson*, 94 N.M. 572, 613 P.2d 714 (Ct.App.1980); *See* Section 40-2-2, N.M.S.A.1978.

We have reviewed the entire record and determined that because the purchase of the Coors property can be traced to Appellant's separate funds and because Appellee did not meet his burden of proof to estab-

lish transmutation, the evidence does not sustain the trial court's conclusion that the Coors property is community property. *Corley v. Corley,* 92 N.M. 716, 594 P.2d 1172 (1979). Therefore, we reverse the trial court's conclusion that the Coors property is community property and hold that the Coors property is Appellant's separate property.

### III. *Child Support*

 The parties' divorce decree from their first marriage provided that Appellee pay to Appellant $150.00 per month as child support until their youngest child attained the age of eighteen years. In her pleadings and at trial, Appellant requested a $10,-800.00 judgment for child support arrearages against Appellee because he neglected to pay her from September 1973, to the time of their remarriage in August 1979. The trial court concluded that Appellee owed no current duty of child support because the children were emancipated but that he *was* liable for arrearages. However, the trial court did not make a finding as to a specific amount owed and entered no judgment for any amount. We remand to the trial court to determine the specific amount of arrearages and for an entry of judgment for the appropriate amount.

### IV. *Attorney's Fees*

At trial, Appellant requested a $3,000.00 award for attorney's fees. The trial court, however, concluded that "[t]he parties shall pay their own costs and attorney fees."

If there is economic disparity between two adverse parties in a domestic relations case, such that one party may be inhibited from preparing or presenting a claim, then the trial and appellate courts should be liberal in exercising their discretion to award attorney's fees to discourage any potential judicial oppression. *See Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980); *Lord v. Lord,* 37 N.M. 454, 24 P.2d 292 (1933).

The record clearly indicates that neither Appellant nor Appellee is economically oppressed. Consequently, we hold that the trial court acted properly in its discretion in not awarding attorney's fees. Thus, attorney's fees on appeal are also denied.

This matter is remanded for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.