673 P.2d 1289

**Trinidad BUSTOS, Petitioner-Appellant,**

**v.**

**Frank A. BUSTOS, Respondent-Appellee.**

**No. 14679.**

Supreme Court of New Mexico.

Sept. 21, 1983.

Richard S. Lees, Santa Fe, for petitioner-appellant.

George M. Scarborough, Espanola, for respondent-appellee.

OPINION

RIORDAN, Justice.

Trinidad Bustos, petitioner-appellant (Wife), sought a dissolution of marriage from Frank Bustos, respondent-appellee (Husband), in the district court of Santa Fe County. Wife also sought a determination of the status of 16.67 acres of land (16.67 acres) located in Santa Cruz, New Mexico, division of the parties' community property assets and community debts, and a determination of alimony and attorney's fees. The final divorce decree and property settlement were entered on October 15, 1982, *nunc pro tunc.* Wife appeals. We reverse.

The issues on appeal are:

I. Whether the district court erred in awarding the 16.67 acres to Husband, subject to a life estate in Wife.

II. Whether the district court erred in the division of the community property.

III. Whether the district court erred in failing to award alimony to Wife.

IV. Whether the district court erred in failing to award attorney's fees to Wife.

I. *Santa Cruz Property*

The record shows that Wife and Husband were married in Santa Cruz, New Mexico, on January 28, 1957. Prior to 1962, Wife was deeded the 16.67 acres from her grandmother, Alta Garcia Valdez, as a gift. There is evidence in the record that Wife's grandmother had considered transferring the 16.67 acres to both Wife and Husband but that the parties did not want to subject it to a judgment lien in the event Husband was sued. Nevertheless, the 16.67 acres were transferred exclusively to Wife.

It is well settled in New Mexico that property takes its distinctive legal title, either as community property or as separate property, at the time and manner of acquisition. *Lucas v. Lucas,* 95 N.M. 283, 621 P.2d 500 (1980); *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976); NMSA 1978,

§ 40–3–8. Based upon the record, there is no meaningful dispute that the 16.67 acres were the separate property of Wife at the time of its acquisition.

■ In 1979, just before Wife separated from Husband, Wife conveyed the 16.67 acres to Husband for $2,000.00. The district court found that notwithstanding the obvious low cash figure that served to convey the property (now valued at approximately $160,000.00), the sale was valid and the contract between the parties was enforceable and supported by adequate consideration. In addition, the district court found that there were no facts sufficient to suggest fraud, undue influence, coercion or some other form of overreaching that would justify setting aside the transaction. However, a review of the record clearly shows that at the time of the transfer of the land, Wife was emotionally disturbed, nervous, confused, and uneasy. The evidence also shows that Wife was afraid of Husband, that she was "fed up" and no longer cared about the 16.67 acres, and that she desperately needed money to help the parties' son bring his car payments due so that he would not lose his car. The record further shows that Husband gave Wife the $2,000.00 so that "[Wife] would go away and never bother [Husband] again." Finally, it was conceded at trial that the $2,000.00 paid by Husband to Wife for the 16.67 acres was community property.

Transmutation must be established by "clear, strong and convincing proof." *Allen v. Allen,* 98 N.M. 652, 654, 651 P.2d 1296, 1298 (1982) (citations omitted). In the present case, the evidence regarding transmutation falls short of the "clear, strong, and convincing" standard since Husband's conduct and Wife's actions clearly suggest Husband's undue control of Wife's free will. *Id.* Such moral control as exerted by Husband over Wife has been held to amount to undue influence. *Trigg v. Trigg,* 37 N.M. 296, 22 P.2d 119 (1933); *see also Galvan v. Miller,* 79 N.M. 540, 445 P.2d 961 (1968). Therefore, we determine that there was no

effective transmutation. The 16.67 acres remained the separate property of Wife. The 16.67 acres, however, are subject to a community interest lien for the amount of funds and value of labor expended by Husband and Wife in paying taxes, expenses for improvements, and other expenses incurred in preserving and improving the property. The community may also be entitled to participate in the increase in value of the 16.67 acres over the years. *Portillo v. Shappie,* 97 N.M. 59, 636 P.2d 878 (1981).

II. *Division of Other Community Property*

In its letter opinion, the district court divided the parties' personal property community assets. Under that division, Husband received a mobile home, five vehicles and equipment, and certain commercial and personal checking and savings accounts. Pursuant to the letter opinion, Wife received $2,000.00 for the transfer of the 16.67 acres, an automobile which is barely operable, and certain small items of personalty. Wife received no other cash, securities, or other assets.

■ Although mathematic exactitude is not required in the division of community assets, it is the duty of the district courts, upon dissolution of a marriage, to divide as equally as possible the property of the community. *Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974). In reviewing the record, we determine that the parties' community assets were divided in a manner such that an equal division was not effected. The record shows that certain personal property assets were acquired during coverture. Therefore, these certain personal property assets constituted community property. *Marquez v. Marquez,* 85 N.M. 470, 513 P.2d 713 (1973). As such, these certain personal property assets are divisible equally between the parties. *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976). The record does not support the conclusion reached by the district court that these certain personal property assets were

the separate property of Husband. To the contrary, the record shows that these certain personal property assets were acquired by the community with community funds or by pledged community credit. A wife is entitled to be an equal benefactor in community property matrimonial gain. *Hughes v. Hughes,* 91 N.M. 339, 573 P.2d 1194 (1978). On remand, the district court will divide equally the parties' personal property community assets.

III. *Alimony*

■ Wife argues that the district court abused its discretion in failing to award alimony. The award of alimony, the amount of such alimony if awarded, and the duration of an alimony award, are all left to the discretion of the district court. *Burnside v. Burnside,* 85 N.M. 517, 514 P.2d 36 (1973). A district court's alimony award determination will be upheld unless there has been an abuse of discretion. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978).

■ The record shows that Wife worked in a restaurant in Wyoming from the time she separated from Husband in 1979, until her return to New Mexico in 1981. The record also shows that since returning to New Mexico, Wife has been unable to find permanent employment to support herself and that Wife is now living with her mother in a small, primitive-type house, without modern plumbing conveniences. As previously mentioned, the automobile used by Wife is barely operable. At the time of the hearing on the merits, Wife had $6.00 and no other funds available to her.

Husband, on the other hand, has a federal agency contract for delivery of mail for which he receives a gross income in excess of $49,000.00 per year. Part of Husband's income is tax-sheltered. Recently, in *Lovato v. Lovato,* 98 N.M. 11, 644 P.2d 525 (1982), we held that alimony is not intended to constitute a penalty imposed upon a husband, but that it is a personal right intended for the purpose of one spouse supporting the other after losing sustenance and the support of coverture, although alimony is not to be condoned when it amounts to one spouse abdicating his or her responsibility to support and maintain themselves. *See also Seymour v. Seymour,* 89 N.M. 752, 557 P.2d 1101 (1976); *Burnside v. Burnside.*

In *Hertz v. Hertz,* 99 N.M. 320, at 325, 657 P.2d 1169, at 1175 (1983), we held that:

> Factors to be considered by a district court in determining whether an alimony award is just and proper pursuant to Section 40-4-7(B)(1), N.M.S.A.1978, include the duration of the marriage, the wife's needs, her age, her health, the means she has available to support herself, the husband's earning capacity, and the amount of property owned by each of the parties. (citation omitted).

Although there is evidence in the record that Wife is employable and can begin to support herself following the transitional phase from marriage to dissolution of marriage, the evidence in the record shows that at the present time, Wife is unemployed, is virtually penniless, and that she shares her living accommodations in her mother's small home. These facts suggest a need for alimony for at least a temporary period of time to assist Wife in regaining a position whereby she can support herself. This issue is therefore remanded to the district court to award temporary alimony. The amount and duration of the alimony is to be determined by the district court.

IV. *Attorney's Fees*

■ The district court did not allow the attorney's fees requested by Wife. The granting of attorney's fees is a matter left to the discretion of the district court, subject to reversal upon a showing of abuse of discretion. *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976). We have held that:

> If there is economic disparity between two adverse parties in a domestic rela-

560

tions case, such that one party may be inhibited from preparing or presenting a claim, then the trial and appellate courts should be liberal in exercising their discretion to award attorney's fees to discourage any potential judicial oppression. *Allen,* 98 N.M. at 655, 651 P.2d at 1299 (citations omitted).

█ After reviewing the record, we determine that the district court abused its discretion in not awarding the attorney's fees requested by Wife. The district court is ordered to award Wife reasonable attorney's fees for services of her attorney in the district court. Wife will also recover her costs and attorney's fees in the amount of $1,000.00 for this appeal.

This case is remanded to the district court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.