This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40507**

**MARIA ISABEL RIOS,**

      Petitioner-Appellant,

v.

**JUAN MANUEL RIOS,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Amber Chavez Baker, District Court Judge**

Enlace Comunitario
Vanessa I. Peake
Albuquerque, NM

for Appellant

Cordell Law, LLP
Linda L. Ellison
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Petitioner Maria Rios appeals an order from the district court dismissing her petition for dissolution of marriage for lack of subject matter jurisdiction. Petitioner claims that her purported marriage to Respondent Juan Rios was valid under New Mexico law despite the existence of her prior, lawful marriage in California at the time of her nuptials with Respondent. Because New Mexico does not recognize marriages that occur when at least one party is otherwise still married, we affirm.

## BACKGROUND

**{2}** Petitioner and Respondent met in October 2011 and began a romantic relationship shortly thereafter. At the time, both parties were still married to their respective spouses from previous marriages, but both eventually began divorce proceedings to end those relationships. Apparently under the belief that the prior marriages were dissolved and they were both free to marry, Petitioner and Respondent held a wedding ceremony on July 7, 2012, in New Mexico, where they then resided. Several days later, however, Petitioner received notice by mail from a California court indicating that the final divorce decree from her first marriage was to be issued on July 17, 2012.

**{3}** Nine years later, Petitioner filed to dissolve her marriage with Respondent and sought distribution of marital property. After discovery, Respondent moved to dismiss the action for lack of subject matter jurisdiction, claiming that the marriage was never valid because Petitioner was still married at the time of their ceremony on July 7, 2012. After a hearing on the motion, the district court found in favor of Respondent, finding that the marriage was finalized on July 7, 2012, and that, on that date, Petitioner was still married to her prior husband. The court concluded that Petitioner, therefore, lacked contractual capacity to marry on July 7, 2012, and the resulting relationship with Respondent was not a marriage but a domestic partnership. Petitioner was granted leave to amend her petition to reflect the court's finding, but filed this appeal instead.

## DISCUSSION

**{4}** Petitioner makes two primary arguments on appeal. First, she argues that she and Respondent held a second marriage ceremony on July 27, 2012, after her divorce was finalized, and any defect in her marriage with Respondent was thereby cured. Second, Petitioner argues that neither New Mexico statutory nor case law declares bigamous marriages void, and that, even if the marriage between her and Respondent began on July 7, 2012, it is still valid. We address each argument in turn.

**{5}** In reviewing a judgment entered after a hearing, we review the district court's application of the law to the facts de novo while reviewing the district court's findings of fact for substantial evidence. *Skeen v. Boyles*, 2009-NMCA-080, ¶ 17, 146 N.M. 627, 213 P.3d 531. Regarding factual findings, we consider whether substantial evidence supports the result reached, not whether there is substantial evidence to support the opposite result. *See id.* "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Hough v. Brooks*, 2017-NMCA-050, ¶ 18, 399 P.3d 387 (internal quotation marks and citation omitted). In reviewing factual findings, "we do not reweigh the evidence but instead decide whether each challenged finding was supported by substantial evidence, indulging every reasonable inference in favor of the district court's disposition." *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207.

**{6}** Petitioner claims that any invalidity in her marriage to Respondent was cured by a second wedding, purportedly occurring on July 27, 2012, after her divorce was finalized. While Respondent disputes the occurrence of the second ceremony, both parties admit that the ceremony on July 7, 2012, did occur. More pertinent to our analysis, the district court made no express finding about the occurrence of a July 27, 2012, ceremony, and Petitioner does not challenge the court's implicit rejection of Petitioner's claim that she and Respondent participated in a second wedding ceremony twenty days following the first. Petitioner merely asserts, based solely upon her own testimony that did not lead the district court to conclude that a second, valid ceremony took place, that her version of facts relating to a subsequent ceremony is correct and legally trumps the district court's determinations.

**{7}** On appeal, we "presume the correctness of the judgment of the district court who had the advantage of evaluating the demeanor of the parties and of the witnesses." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (alteration, internal quotation marks, and citation omitted). "Where evidence is conflicting and the court adopts findings on a disputed issue, the fact that there may have been other evidence upon which the court could have adopted a different finding does not constitute error." *Id.* (internal quotation marks and citation omitted). Petitioner has not adduced any evidence in the record—beyond her own testimony—to demonstrate that the district court erred in declining to make a finding regarding the existence or legal impact of a second ceremony on July 27, 2012. On the other hand, there is substantial evidence to support the court's finding that the couple's marriage began on July 7, 2012. Indeed, both Petitioner and Respondent agree that a ceremony occurred on July 7, 2012. We, therefore, discern no error in the district court's finding that the marriage began, and must be evaluated for validity on, that date. Further, in light of the record before us, we conclude there to be no error on the part of the district court in declining to include in its order findings related to a purported ceremony on July 27, 2012.

**{8}** Petitioner also briefly argues that she and Respondent ratified their marriage contract by fulfilling all statutory requirements and acting as husband and wife for the nine years of their relationship. This is effectively an argument for common law marriage, which—as Petitioner acknowledges—New Mexico does not recognize. *See Medina v. Medina*, 2006-NMCA-042, ¶ 11, 139 N.M. 309, 131 P.3d 696 ("New Mexico does not recognize common law marriage."). We, thus, decline to further address this argument.

**{9}** Petitioner next argues that she had a valid marriage with Respondent under New Mexico law. She claims that, even if the second ceremony on July 27, 2012, had not occurred, her marriage to Respondent was still valid because bigamy is not expressly unlawful in New Mexico. Determining whether the parties' relationship met the requirements of a valid marriage presents a question of law, which we review de novo. *Skeen*, 2009-NMCA-080, ¶ 17.

**{10}** We begin by noting that, while bigamy is not an expressly prohibited form of marriage by statute, *see* NMSA 1978, § 40-1-9 (2013) (prohibiting only incestuous

marriages and unions with minors), it is a criminal offense under NMSA 1978, Section 30-10-1 (1963). The general rule is that "a contract founded on an illegal consideration is void." *Forrest Currell Lumber Co. v. Thomas*, 1970-NMSC-018, ¶ 15, 81 N.M. 161, 464 P.2d 891. Relevant case law further supports the notion that two people may not marry one another while one is still married. *See Prince v. Freeman*, 1941-NMSC-006, ¶ 4, 45 N.M. 143, 112 P.2d 821 ("We need not cite authority to the proposition that the ceremonial marriage between the parties was void, as at the time of such marriage, the defendant was the wife of [another]."); *see also Panzer v. Panzer*, 1974-NMSC-092, ¶ 13-15, 87 N.M. 29, 528 P.2d 888 (explaining that the validity of a marriage may be attacked by showing, through clear and convincing evidence, the existence of a prior marriage); *Allen v. Allen*, 1982-NMSC-118, ¶ 7, 98 N.M. 652, 651 P.2d 1296 (recognizing the rule laid out in *Panzer*); *Medina*, 2006-NMCA-042, ¶ 7 (stating that, while New Mexico does not have a statute characterizing bigamous marriages as void ab initio, bigamy is a criminal offense in this state). Under such authority, there is no legal basis supporting Petitioner's assertions that her marriage to Respondent remains valid simply because there is not a statute explicitly prohibiting bigamy.

**{11}** Here, Petitioner concedes that a wedding ceremony with Respondent occurred on July 7, 2012, and further admits that the divorce decree from her first marriage was not issued until July 17, 2012. While Petitioner alleges that an additional ceremony occurred on July 27, 2012, such assertion is unsupported by the record before us other than—as discussed above—through Petitioner's own testimony which was heard and weighed by the district court. Petitioner also acknowledges, by admitting that common law divorce is not recognized in New Mexico, she was still married to her first husband until July 17, 2012. *See Medina*, 2006-NMCA-042, ¶ 11 (rejecting common law divorce and requiring formal legal proceedings to dissolve a marriage). Thus, under all relevant facts, we discern no error on the part of the district court in finding that Petitioner was still married to her first husband at the time of her marriage to Respondent on July 7, 2012, and that the marriage between Petitioner and Respondent was never valid. We conclude that the district court's order is supported by substantial evidence and, therefore, hold there to be no error in the judgment below.

**CONCLUSION**

**{12}** For the above reasons, we affirm.

**{13}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**