This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40541**

**LANA S. POZEN,**

      Petitioner-Appellant,

v.

**RAYMOND MARK FICKLER,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Court Judge**

Law Office of Dorene A. Kuffer, P.C.
Dorene A. Kuffer
Daniel D. Walton
Lawrence B. Kronen
Albuquerque, NM

for Appellant

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**    This is the second appeal in this case. In *Pozen v. Fickler* (*Pozen I*), A-1-CA-37682, mem. op. (N.M. Ct. App. Apr. 6, 2020) (nonprecedential), we were asked to review the district court's determination that two properties owned by Petitioner Lana S. Pozen (Wife) and Respondent Raymond Mark Fickler (Husband) were 100 percent community property. *See id.* ¶¶ 11-12. We determined that Wife had established an

initial separate property origin in funds used to purchase the properties and remanded to the district court for further proceedings on Husband's claim that Wife's separate property had been transmuted to community property during the parties' marriage. *Id.* On remand, the district court concluded that clear and convincing evidence established that the parties changed the character of the properties from separate to community through transmutation. Wife appeals. We affirm.

**DISCUSSION**

**I.      Jurisdiction**

**{2}**     Before turning to the merits of Wife's appeal, we must address Husband's motion to dismiss for lack of jurisdiction. Husband advances two arguments.

**{3}**     First, Husband claims that Wife's appeal is premature because the proceedings below did not resolve an outstanding issue related to another property, hereinafter referred to as the Quail Run property, and therefore, the district court's order is not final. *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 ("[A]n order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." (internal quotation marks and citation omitted)). Having reviewed the record, we conclude there was no pending issue regarding the Quail Run property at the time this appeal was filed.

**{4}**     The Quail Run property was at issue during the initial divorce proceedings and resolved by order of the district court, without objection, before the appeal in *Pozen I*. Neither party raised any argument regarding the Quail Run property in *Pozen I*, and therefore, our remand to the district court did not include the need to conduct further proceedings with regard to the distribution of this property.

**{5}**     Husband nevertheless contends that the Quail Run property was at issue on remand based on a few remarks during the evidentiary hearing—Wife briefly indicated to the district court that there was an issue regarding the equity in the Quail Run property. The district court said that it had not been presented with any evidence on this issue and instructed the parties to file a motion if a hearing was needed. Neither party filed a motion. Accordingly, there was no outstanding or live issue with respect to the Quail Run property at the time of this appeal that would render the district court's order nonfinal.

**{6}**     Husband argues in the alternative that Wife's appeal was filed late. Following the evidentiary hearing, the district court entered a supplemental final decree on Court of Appeals mandate on May 12, 2022. The decretal language in that decree stated that the parties could submit proposed findings of fact and conclusions of law at a later date. Both parties submitted proposed findings, and the district court issued a memorandum order on September 9, 2022, that found the supplemental decree contained "the most accurate statement of [f]indings and [c]onclusions for purposes of appeal."

**{7}** Husband argues that Wife's appeal was untimely because she filed her notice of appeal on July 8, 2022, more than thirty days after the district court filed the May 12 supplemental final decree. However, because that order expressly contemplated further action by the parties, the May 12 order was not final for purposes of appeal. *See State v. Vaughn*, 2005-NMCA-076, ¶ 18, 137 N.M. 674, 114 P.3d 354 (holding that an order is not final when it "expressly contemplated further proceedings"). Rather, a final order was entered on September 9, and Wife's notice of appeal was timely. *See* Rule 12-201(A)(3) ("A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after that filing and on the day of the filing."). Because there is no jurisdictional bar that prevents us from reaching the merits of this appeal, Husband's motion is denied.

## II. Wife's Claims of Error Lack Merit

**{8}** Wife's appeal challenges the district court's determination that two properties she purchased before the parties' marriage had been transmuted into community property. The history of those properties is detailed in *Pozen I* and will not be restated here. Wife argues that the district court erred in (1) finding that the properties had been transmuted, (2) shifting the burden of proof to Wife, and (3) failing to make a finding regarding the exact date when the properties were transmuted.[1]

**{9}** "Transmutation is a general term used to describe arrangements between spouses to convert property from separate property to community property and vice versa." *Allen v. Allen*, 1982-NMSC-118, ¶ 13, 98 N.M. 652, 651 P.2d 1296. "[T]he spouse who argues in favor of transmutation carries what has been variously described as a difficult or a heavy burden" of proving by clear and convincing evidence that the grantor spouse intended to do so. *Gabriele v. Gabriele*, 2018-NMCA-042, ¶ 21, 421 P.3d 828 (alteration, internal quotation marks, and citation omitted). We review Wife's challenges to a district court's findings of fact for substantial evidence and the district court's conclusions of law de novo. *See id.* ¶ 18.

### A. Sufficient Evidence Supports the District Court's Finding That the Properties Had Been Transmuted

**{10}** Wife offers two related arguments regarding the district court's determination that the properties had been transmuted. First, she contends that the district court erred in its ruling because there was "no supporting evidence other than the deeds showing joint title." This is not the case. The district court conducted a two-day evidentiary hearing and issued a supplemental final decree containing ten pages of findings and conclusions to support its determination that Wife's separate property had been transmuted into community property. While the district court took the deed history of the

---

[1]Wife raises an additional argument that the district court erred in not ruling on the issue of whether Husband acquired an equitable lien in either of the properties. However, the district court's finding that the properties were transmuted disposed of the equitable lien issue, and because we affirm the district court's determination, it is likewise unnecessary for us to reach the matter.

properties into consideration, the court also relied on the parties' testimony concerning their reasons for the title transfers, their use of funds generated by the rental of the properties for community expenditures, their use of community funds to support the properties, their commingling of assets and lack of tracing, and the way they lived their lives—as if they had a partnership in those properties. All of this evidence was properly considered by the district court. *Compare Blake v. Blake*, 1985-NMCA-009, ¶ 74, 102 N.M. 354, 695 P.2d 838 ("[T]he fact of the deed in the name of the parties as grantees does not alone establish transmutation."), *with Nichols v. Nichols*, 1982-NMSC-071, ¶ 23, 98 N.M. 322, 648 P.2d 780 (stating that although a real estate contract in the name of both parties "is not conclusive and is not, by itself, substantial evidence on the issue of transmutation, it at least constitutes some evidence of intent to transmute"). *See also Papatheofanis v. Allen*, 2010-NMCA-036, ¶ 14, 148 N.M. 791, 242 P.3d 358 (holding that the fact-finder is "permitted to infer the requisite intent from circumstantial evidence, provided the inference is reasonable").

**{11}**     Wife also argues that Husband did not present clear and convincing evidence that transmutation occurred. On this point, Wife offers only general assertions concerning the weight of some of the evidence Husband presented. For example, Wife suggests that Husband's testimony was inconclusive on commingling because it was not corroborated by additional documentation. However, it is well established that "[t]he testimony of a single witness, if found credible by the district court, is sufficient to constitute substantial evidence supporting a finding." *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207. Similarly, Wife asserts that Husband's exhibits are not clear and convincing proof because he did not provide additional corroborating evidence. Because Wife does not argue that these exhibits ought not to have been admitted, her arguments appear to be directed at the weight the exhibits should be given. However, weighing evidence was a matter for the district court, sitting as the fact-finder, and "we will not reweigh the evidence nor substitute our judgment for that of the fact-finder." *Par Five Servs., LLC v. N.M. Tax'n & Revenue Dep't*, 2021-NMCA-025, ¶ 25, 489 P.3d 983 (alterations, internal quotation marks, and citation omitted).

**{12}**     Substantively, Wife has not demonstrated that the district court's findings are unsupported by substantial evidence, nor has she shown that the district court's findings are insufficient to support the judgment. For one, Wife has not directly challenged any of the district court's findings—her attacks are primarily directed to the quality and nature of Husband's evidence. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."). Nor has Wife acknowledged or addressed the substance of all of the evidence bearing upon the district court's findings. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶¶ 9-10, 115 N.M. 181, 848 P.2d 1108 (stating that "[t]he party challenging the sufficiency of the evidence supporting a proposition must set forth the substance of all evidence bearing upon the proposition . . . [and] must then demonstrate why, on balance, the evidence fails to support the finding made"). It appears that the district court's findings are adequately supported by evidence in the record, the totality of which supports the district court's finding of transmutation. *See Nichols*, 1982-NMSC-071, ¶¶ 21-22 (finding transmutation by gift when the husband sold a separate property, deposited funds into

the parties' joint bank account, and purchased a new home on real estate contract in both parties' names, in conjunction with evidence of commingling of separate and community funds). In the absence of an attack on these findings or argument as to why they are insufficient evidence of transmutation, we have no basis to disturb the judgment of the district court. *See Bank of N.Y. v. Romero*, 2011-NMCA-110, ¶ 7, 150 N.M. 769, 266 P.3d 638 ("In accordance with our standard of review, the judgment of the trial court will not be disturbed on appeal if the findings of fact entered by the court are supported by substantial evidence, are not clearly erroneous, and are sufficient to support the judgment."), *rev'd on other grounds*, 2014-NMSC-007, 320 P.3d 1.

## B.     The District Court Did Not Shift the Burden of Proof to Wife

**{13}**     Wife next argues that the district court improperly shifted the burden to her to prove the properties were not transmuted. On appeal we review de novo whether the district court correctly allocated the burden of proof. *Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 25, 304 P.3d 409.

**{14}**     Wife contends that the district court relied primarily on the lack of evidence provided by her. This does not appear to be the case. As discussed above, the district court made a number of findings regarding the deed history of the properties and took into account both parties' testimony regarding their finances and use of funds. We note as well that the district court instructed Husband at the outset of the trial that the burden was on him to prove transmutation. The district court credited Husband's testimony in concluding "by clear and convincing evidence, that the Clyde Hill and Lake Hill properties started as [Wife's] separate properties and by clear and convincing evidence, . . . they transmuted those separate properties into community properties because that is the way they lived their lives."

**{15}**     To the extent we understand Wife's argument, she suggests that the district court's findings as to why it credited Husband's testimony and chose not to credit Wife's testimony are evidence that the court improperly shifted the burden to her. Along those lines, Wife points to statements in the district court's order commenting on Wife's testimony that she was required by the bank to title one of the properties jointly; the court stated twice that Wife "did not really prove" she was required to title the property jointly. In context, however, this statement is contained in a paragraph explaining that the district court did not find Wife's explanation credible, and that the deed transfers as a whole were evidence of an intent to transmute.

**{16}**     In sum, the district court in this case properly placed the burden on Husband to demonstrate by clear and convincing evidence that Wife intended to transmute the properties. The district court did not err by taking into account Wife's rebuttal evidence or in weighing it, and the district court's written findings engaging in such an analysis do not persuade us that the district court improperly shifted the burden of proof to Wife.

## C.     The District Court Was Not Required to Find a Specific Date on Which Transmutation Occurred

**{17}** Finally, Wife asserts that the district court erred in failing to state when the transmutation occurred. In her brief in chief, Wife contends that such a finding was necessary to determine whether any of the equity in the properties remained her separate property. However, the district court found that the properties were transmuted into community property before they were sold and new properties were purchased with the proceeds, and this is necessarily dispositive of the equity generated by their sale. In Wife's reply brief, she acknowledges that the district court found that the properties were entirely community property, but states that the district court's "failure to determine such a point in time" demonstrates that the district court did not rely on Husband's evidence, improperly shifted the burden to Wife, and that the district court must have concluded that the properties became community property at the time of the parties' marriage. None of these arguments demonstrate that a date certain was necessary under the circumstances or that the district court erred in concluding that the properties had been transmuted before they were sold.

**CONCLUSION**

**{18}** For the above and foregoing reasons, we affirm.

**{19} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**